This is a petition for a writ of mandamus arising out of a workmen's compensation case.
Peggy J. Sellers (employee) injured her back in a fall that occurred while she was working on the premises of DCH Regional Medical Center (employer). The accident took place on February 27, 1988, and the employer paid temporary total disability payments to the employee until May 15, 1989. The employer thereafter refused to pay further benefits or certain medical expenses incurred by the employee for the treatment ordered by her doctors. The employee brought an action to recover the discontinued payments.
The case was tried ore tenus on the issues of unpaid medical expenses, compensation benefits, the existence and amount of temporary disability, and the extent of permanent disability. The trial court entered an order styled "Interlocutory Decree" on June 26, 1990. In the decree the trial court made a specific finding that the employee was temporarily totally disabled at the time of trial and that this disability was continuing. The trial court further found that the employee had reached maximum medical recovery from her physical injuries but that her continuing temporary total disability related to a mental condition arising from the accident. In the decree the trial court stated its belief that the employee would eventually recover from the mental condition and ordered the employer to "continue weekly temporary total disability payments in the amount of $142.68 until such time as the plaintiff reaches maximum medical recovery." The trial court also ordered the employer to pay all reasonably necessary future expenses for medical treatment of the employee's condition. The decree then stated that the court specifically "retained jurisdiction to determine the issue of permanent loss of earning capacity at a later date." The employer filed a petition for a writ of mandamus to vacate the trial court's order.
Mandamus is an extraordinary remedy which should be granted only when there is a clear showing that the trial court abused its discretion and exercised it in an arbitrary and capricious manner. Ex parte Baker, 459 So.2d 873 (Ala. 1984). Furthermore, the petitioner must show that he has a clear right to the remedy sought. Tuscaloosa City Board of Education v. Roberts,440 So.2d 1058 (Ala. 1983). Generally, mandamus will not be granted if the matter complained of can be presented ultimately on appeal. McBride v. McBride, 380 So.2d 886
(Ala.Civ.App. 1980). The test to be applied in deciding whether mandamus should be granted to review an interlocutory order is not whether the remedy is merely available, but whether it is adequate to prevent undue injury. McBride; Evans v. Ins. Co. ofNorth America, 349 So.2d 1099 (Ala. 1977).
The employer contends that the "interlocutory order" is inconclusive and thus unappealable. The employer states that such an inconclusive judgment violates the statute governing workmen's compensation proceedings and must therefore be vacated.
The employer relies on § 25-5-81, Code 1975, which provides: "The decision of the judge hearing the [controversy] shall be conclusive and binding between the parties, subject to the right of appeal provided for in this article."
The employer argues that, to make its judgment conclusive, the trial court was required to estimate the probable duration of the temporary total disability and fix a specific number of weeks that the employee was to be paid.
To support this argument, the employer cites Ford v. CrystalLaundry Co., 238 Ala. 187, 189 So. 730 (1939). There, the Alabama Supreme Court held that, upon making a finding of temporary total disability, "the court should make some estimate from the evidence as to its probable duration and fix the compensation to be payable until such estimated time, not exceeding the maximum." Ford, 238 Ala. at 188, 189 So. at 731. The employer also draws on the language of Alabama By-ProductsCo. v. Landgraff, 248 Ala. 253, 27 So.2d 215 (1946), where the supreme *Page 1164 
court stated that "the period of time must be fixed, and when fixed it cannot be changed because of subsequent changes in the condition of the employee." Landgraff, 248 Ala. at 256,27 So.2d at 218. The language of these cases was also cited as recently as 1980 in Albertville Nursing Home v. Upton,383 So.2d 544 (Ala.Civ.App. 1980). The employer urges that these cases preclude the trial court from allowing an "open-ended" period of temporary total disability over which the court retains jurisdiction.
The cases relied on by the employer were decided under three different versions of the same Alabama statute. See Landgraff,citing § 7534, Ala. Code 1923; Ford, citing Title 26, § 279(B), Ala. Code 1940; Upton, citing § 25-5-57, Ala. Code 1975. Each of these earlier versions of the statute included a provision that set a ceiling of 300 weeks on the duration of temporary total disability. However, when the legislature rewrote § 25-5-57 in 1985, it discarded this provision and stated that temporary total disability compensation shall be paid "during the time of such disability." This amendment to § 25-5-57 was enacted to eliminate the 300-week limitation and to allow conversion of temporary total disability to permanent disability, if necessary, after maximum medical recovery is reached. J. Hood, A. Hardy E. Saad, Ala. Workmen's Compensation, § 10-9 (Supp. 1989).
Where the legislature reenacts a statute containing language which has previously been construed by the judiciary, the construction given in a prior decision must be accepted as part of the statute. Musgrove v. United States Pipe Foundry Co.,290 Ala. 156, 274 So.2d 640 (1972). In recent years, we have repeatedly held that the "time of temporary total disability" is the recovery period that lasts until maximum medical recovery is reached. Patterson v. Clarke County Motors, Inc.,551 So.2d 412 (Ala.Civ.App. 1989); Butler v. Moretti-HarrahMarble Co., 431 So.2d 1291 (Ala.Civ.App. 1983).
It is clear that the legislature amended § 25-5-57 to ensure that a claimant will be compensated throughout the time of recovery, regardless of the time it takes to reach maximum medical recovery. With this amendment, the legislature has effectively overruled the cases which require a trial court to estimate the period of temporary total disability for which a claimant may receive benefits. It is now unnecessary to make this estimate for the sake of a "conclusive" judgment.
The trial court's judgment was styled as an "interlocutory decree," which is by definition not a final judgment. However, it is not the title of an order that makes it final; rather, the test of a judgment's finality is whether it sufficiently ascertains and declares the rights of the parties.McCulloch v. Roberts, 290 Ala. 303, 276 So.2d 425 (1973). A final judgment in a workmen's compensation case must contain statements of fact and conclusions of law. § 25-5-88, Code 1975. We find that the "interlocutory decree" entered by the trial court contains the findings necessary to support an appeal without undue hardship to the employer. Moreover, the fact that the trial court retained jurisdiction over the award of temporary disability does not bar such an appeal. Section25-5-88, Code 1975, states that after a final judgment has been entered in a workmen's compensation case subsequent proceedings may be held only "for the recovery of moneys thereby determined to be due." The trial court found that the employee continued to suffer temporary total disability and ordered the defendant to pay temporary total disability benefits and to pay past and future medical expenses. These are moneys which the trial court determined were due to the employee, and there was no error in retaining jurisdiction to enforce the payment of them.
The employer also argues that the trial court's judgment is inconclusive because it left the question of permanent disability open to further proceedings.
Because the employee had not reached maximum medical recovery, the trial court could not have determined the extent of permanent disability at the time of the proceedings. By retaining jurisdiction over *Page 1165 
the case, the trial court exercised judicial economy. However, under § 25-5-117, Code 1975, a claimant who has already received compensation payments is given two years from the time of the last payment to bring an action for permanent disability compensation. Since the statute provides a remedy for the employee if a permanent disability does result from the period of temporary total disability, the trial court's reservation of jurisdiction was mere surplusage. As such, this part of the trial court's order was error without injury. Rule 61, Alabama Rules of Civil Procedure. The writ of mandamus is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT DENIED.
All the Judges concur.