Mike Makemson Logging (employer) appeals from an order entered in a workmen's compensation case awarding thirty weeks of temporary total disability to James Alvin Colburn (employee) and continuing the case for six months for a determination of permanent disability.
Initially, we note that the employee filed a motion to dismiss the appeal, alleging that the "temporary order and decree" entered by the trial court is not a final and appealable order as required by Alabama law. The employee contends that, because the trial court stated that there was reason to believe that the employee's disability will improve if he stops smoking and, therefore, delayed final determination of the extent of his disability, there is an issue for appeal that has yet to be determined by the trial court, and there is no appealable order.
A party may appeal to the appropriate court from any final judgment of the circuit court or probate court. § 12-22-2, Ala. Code 1975. The appellate court is without jurisdiction to hear the matter where no final judgment has been entered. JohnCrane-Houdaille, Inc. v. Lucas, 534 So.2d 1070 (Ala. 1988). However, the determination of a judgment's finality does not depend on the title of the order; rather, it depends on whether the judgment sufficiently ascertains and declares the rights of the parties. Ex parte DCH Regional Medical Center,571 So.2d 1162 (Ala.Civ.App. 1990). In addition, a final judgment in a workmen's compensation case must contain a statement of the law and facts and conclusions as determined by the trial court. §25-5-88, Ala. Code 1975.
In DCH the trial court entered an "interlocutory decree" ordering weekly temporary total disability payments "until such time as the plaintiff reaches maximum medical recovery." The trial court "retained jurisdiction to determine the issue of permanent loss of earning capacity at a later date." Here, as in DCH, we find that the trial court's order contains the necessary findings to support an appeal. We further find that the trial court's retention of jurisdiction over the award of permanent disability does not bar such an appeal. Therefore, we deny the motion.
We note that in a workmen's compensation case this court's standard of review is a two-step process. We will first determine if any legal evidence supports the trial court's findings. Then we must determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parteEastwood Foods, Inc., 575 So.2d 91 (Ala. 1991).
The facts in this case are that the employee is forty-three years old, is married, and has three children. On February 20, 1990, while on the job as a truck driver for the employer and changing a truck tire, the employee skinned his leg. At first the leg healed, and he continued to work. However, problems occurred with the leg due to swelling and pain, and he was hospitalized. He subsequently was treated by two different doctors. The treatment prescribed included taking medication, elevating the leg, stopping smoking, and losing weight.
The employee continued to work for a period of time, but eventually was unable to work due to problems with his leg. He took the medication prescribed and elevated the leg; however, he did not stop smoking and did not lose weight.
Two doctors who treated the employee testified at deposition that the employee would not reach maximum medical improvement until he quit smoking. They also testified that smoking was the cause of the employee's condition and that there could be a complete recovery, probably *Page 1051 
within two months, if he followed instructions and stopped smoking.
In addition to awarding thirty weeks of temporary total disability, the trial court continued the cause "for a period of six months in order to allow the [employee] to attempt to reach maximum medical improvement." The trial court further stated "that a final hearing will be had in this cause on the regular workmen's compensation docket on July 8, 1992, or as soon as the medical experts are convinced that the [employee] has reached maximum medical improvement, and that a final determination will be made at that time by this Court as to the extent of the [employee's] permanent disabilities and entitlements, if any."
The employer contends that the employee has refused reasonable medical treatment and that, pursuant to §25-5-77(b), Ala. Code 1975, he is not entitled to temporary total benefits. Section 25-5-77(b) provides in pertinent part as follows:
 "If the injured employee refuses to comply with any reasonable request for examination, or refuses to accept the medical service or physical rehabilitation which the employer elects to furnish under the provisions of this chapter, his right to compensation shall be suspended and no compensation shall be payable for the period of such refusal."
This provision's purpose is to prevent malingering or to determine if the injury is real, reparable, or capable of being minimized. Lewis G. Reed Sons, Inc. v. Wimbley, 533 So.2d 628
(Ala.Civ.App. 1988). Section 25-5-77(b) will not preclude an award of benefits unless (1) a reasonable expectation exists that the employee's condition will improve as a result of the treatment and (2) the treatment is reasonably danger-free. Id.
The employee's benefits will not be terminated if the refusal to undergo proposed medical or surgical treatment is reasonable. Scott v. Alabama Machinery Supply Co.,52 Ala. App. 459, 294 So.2d 160 (Ala.Civ.App. 1974).
In the present case the employee refused to stop smoking and, in fact, stated at the time of his deposition that he was still smoking and that he was not going to stop. Both doctors who examined and treated the employee testified by deposition that they advised him to stop smoking and to elevate his leg in order to facilitate a recovery and that, if he followed those instructions, he should improve within two months and should be able to return to work. They also stated that he will never reach maximum medical improvement until he stops smoking.
In view of the above, we find that there is a reasonable expectation that the employee's condition will improve as a result of the treatment and that the refusal to comply with the proposed treatment is not reasonable. Therefore, we hold that, pursuant to § 25-5-77(b), the employee's right to compensation should be suspended for the period of such refusal.
The employer also contends that there is no legal evidence to support the trial court's award of temporary total disability benefits for a thirty-week period. It claims that the employee continued to work for a substantial period of time after the injury and that the period of time that he did not work was a direct result of his refusal to follow doctors' orders. Therefore, it claims that the employee is only entitled to temporary total benefits during the time that he was hospitalized.
An employer is entitled to deduct the period of full-time employment from the period of temporary total disability. T G Y Stores Co. v. Higdon, 437 So.2d 1035 (Ala.Civ.App. 1983). In the present case the trial court did not indicate what period of time the thirty weeks covered; however, the employee testified regarding the periods of time that he worked after the injury. He worked approximately two or three weeks after the injury; then he was off work for a week. He then worked for about a month and quit his job with the employer because he was angry that he was not given a new truck to drive. He then worked at another job; however, he was not able to give a time frame for that employment, He also had some odd jobs and worked for his brother from March 1990 to July or August 1990. He worked *Page 1052 
at another job for two months at the end of 1990.
The employee first saw Dr. Charles Bush on March 8, 1990. Dr. Bush advised him several times to stop smoking. Dr. Donald Carmichael saw him on July 29, 1990, and recommended that he stop smoking. Both doctors testified that the employee would improve if he stopped smoking and that, if he did so, he would be able to return to work. They expected a short period of recovery if he stopped smoking and elevated his leg. Although the injury was a minor scrape, the smoking impaired nutrition to the tissues and impaired the recovery.
Based on the above, we hold that the evidence does not support an award of thirty weeks of temporary total disability. We therefore reverse and remand with instructions for the trial court to determine the period of time, prior to the time that the employee was instructed to stop smoking, that he missed work due to the injury and to award temporary total disability benefits for that period of time only.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.