L. CHARLES WRIGHT, Retired Appellate Judge.
This is the second time this workmen’s compensation ease has been before this court. In Mike Makemson Logging v. Colburn, 600 So.2d 1049 (Ala.Civ.App.1992), we reversed the judgment of the trial court, finding that Colburn was not entitled to compensation after refusing to stop smoking cigarettes. Our holding was premised on § 25-5 — 77(b), Code 1975. We remanded the case to the trial court for it “to determine the period of time, prior to the time that the employee was instructed to stop smoking, that he missed work due to the injury and to award temporary total disability benefits for that period of time only.” On remand, the trial court found that Colburn was entitled to benefits for two weeks and six days.
Colburn appeals and asserts that § 25-5-77(b) has no application to his refusal to stop smoking. He insists that he is entitled to the benefits as originally ordered by the trial court.
This issue was presented for our re- . view in the original appeal. We determined that § 25-5-77(b) did apply to the facts of the case. We decline to revisit that decision.
*1347 On remand, the trial court was instructed to determine the amount of benefits due Colburn. Its findings concerning the amount of benefits due were supported by the evidence. The judgment of the court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.