743 So.2d 476 (1999)
B E & K, Inc.
v.
Grover Cleveland WEAVER, Jr.
2980240.
Court of Civil Appeals of Alabama.
August 27, 1999.
*477 Charles F. Carr, Jeffrey B. Carr, and Joseph H. Driver of Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C., Daphne, for appellant.
John C. Brutkiewicz and D.E. "Skip" Brutkiewicz, Jr., of Brutkiewicz Attorneys, Mobile, for appellee.
YATES, Judge.
B E & K, Inc., on February 20, 1998, petitioned the Circuit Court of Mobile County for the resolution of a disputed workers' compensation claim, pursuant to § 25-5-81, Ala.Code 1975, stating that it had paid both compensation benefits and medical benefits to Grover Cleveland Weaver, Jr., for an alleged injury he sustained during the course of his employment with B E & K. B E & K alleged that it had learned of certain misrepresentations that Weaver had made regarding his prior physical history, and it sought to estop Weaver from claiming benefits, because of these misrepresentations, pursuant to § 25-5-51, Ala.Code 1975. In the alternative, B E & K further alleged that Weaver did not sustain his injuries as the result of an accident that arose during the course of his employment with B E & K.
On August 31, 1998, Weaver moved to reinstate his temporary total-disability benefits, alleging that he had not yet reached maximum medical improvement and that B E & K had "cut off" his benefits. Weaver argued that B E & K's defense that he had had a preexisting medical condition and/or did not suffer a workplace injury was not supported by the medical evidence.
On September 23, 1998, Weaver answered B E & K's petition and counterclaimed, seeking to recover workers' compensation benefits for injuries he sustained to his back during the course of his employment with B E & K, and alleging that as a proximate result of these injuries he is permanently and totally disabled. B E & K answered Weaver's counterclaim on that same day.
On September 24, 1998, the court, by agreement of the parties, tried only the issue of compensability of Weaver's alleged injuries. Following an ore tenus proceeding, the court, on October 29, 1998, entered the following "Findings of Fact, Conclusions of Law, and Judgment":[1]
"This cause having come before the court on September 24, 1998, on both parties' motion to determine employer's liability to provide workman's compensation benefits; opposing parties together with their respective counsel appearing; evidence being presented by deposition, live testimony and documents; and certain facts having been stipulated; and on consideration of all the evidence, the court finds as follows:
"1. On or about July 25, 1997, the employee suffered a herniated disc between L-4 and L-5 and a herniated disc between L-5 and S-1 while working in the line and scope of his employment with the employer and as a result of lifting heavy items in the work yard;
"2. The employee had falsely represented on his job application that he had not had any previous back injuries, when in fact he had suffered a fracture of his *478 back at the L-3/L-4 level in an automobile accident in 1990 which corrected itself by subsequent fusion, without surgical intervention;
"3. The employer, after being made aware of the misrepresentation, began making temporary total benefit payments and paid for the medical treatment of the employeeit continued to do so for thirteen (13) months, but discontinued payments after August 6, 1998;
"4. Dr. Herbert V. Allen, the employee's treating orthopedic surgeon, testified that: the employee suffered his present injury during his employment and while engaged in repeated lifting; that had the employee been suffering from his present condition prior to his work with the employer, he would not have been able to perform the work according to the job description of the employer; that the employee's injury is a new injury located at a level two discs below the old injury; that the employee's present maladies have no genesis in the employee's fracture of 1990, nor is the 1990 fracture a contributing factor to his present illness. The court adopts the findings and opinions of Dr. Allen and finds them to be proven by a preponderance of the evidence;
"The court, upon consideration of all the evidence, and the stipulated facts, does hereby ORDER, ADJUDGE, and DECREE as follows:
"The employer is liable for the employee's present injury. The court orders that the employer is to pay to the employee weekly benefits at the employee's compensation rate continuously until further ordered by this court.
"All reasonable, necessary future medical expenses related to the physical injuries to the employee's back will be the obligation of the employer as provided by Section 25-5-77, 1975 Code of Alabama.

"The court hereby awards a judgment against the employer in the amount of Five Thousand Five Hundred Twenty Six and 84/100 [dollars] ($5,526.84) ..., which equals overdue compensation of 11.66 weeks at Four Hundred Seventy Four and NO/100 [dollars] ($474.00) ... (comp.rate) payable to the employee and his attorney of record.
"The employee is awarded a judgment pursuant to § 25-5-59 in the amount of Eight Hundred Twenty Nine and 03/100 [dollars] ($82[9].03) ..., which is equal to fifteen [percent] (15%) of the overdue payment, payable to the employee and his attorney of record.
"The employer is to pay weekly compensation benefits until further ordered by this court in the amount of Four Hundred Seventy Four and NO/100 [dollars] ($474.00) ... payable to the employee and his attorney of record.
"The employee is awarded a judgment against the employer in the amount of One Hundred Sixty One and 57/100 [dollars] ($161.57) ... pursuant to Section 25-5-89, Code of Alabama, 1975, which represents costs and expenses to the employee in prosecuting this action to date."
We must first determine whether the judgment is an appealable order. Weaver argues that the court's judgment is not conclusive as to the parties and, therefore, is not an appealable order. He contends that there are matters between the parties yet to be decided and that because B E & K did not obtain certification pursuant to Rule 54(b), Ala. R. Civ. P., the appeal is due to be dismissed. We note that in a workers' compensation case the decision of the judge hearing the case shall be conclusive and binding between the parties. § 25-5-81, Ala.Code 1975. A party may appeal to the appropriate appellate court from any final judgment of the circuit court or probate court. Mike Makemson Logging v. Colburn, 600 So.2d 1049 (Ala.Civ.App.1992). An appellate court is without jurisdiction to review a matter where no final judgment has been entered. Id. The determination whether a judgment *479 is final does not depend on the title of the order; rather, the determination whether a judgment is final depends on whether it sufficiently ascertains and declares the rights of the parties. Id. Finally, a judgment in a workers' compensation case must contain a statement of the law and facts and conclusions reached by the trial court. Id.
B E & K relies upon Ex parte DCH Regional Medical Center, 571 So.2d 1162 (Ala.Civ.App.1990), and argues that the court's judgment sufficiently ascertains the rights of the parties and is, therefore, a final judgment that will support an appeal. In DCH the employee was injured in a fall that occurred during the course of her employment with DCH Regional Medical Center. The employer paid temporary total-disability benefits to the employee for approximately 15 months. Thereafter, the employer ceased paying further benefits and refused to pay certain medical expenses incurred by the employee. The employee sued to recover the discontinued payments. Id.
DCH was tried on the issues of unpaid medical expenses, compensation benefits, the existence and amount of temporary disability, and the extent of permanent disability. The court entered an order entitled "Interlocutory Decree" and found that the employee was temporarily totally disabled and that this disability was continuing. The court ordered the employer to continue making weekly temporary total-disability payments until the employee had reached maximum medical recovery and to pay all reasonably necessary future medical expenses. The order then specifically stated that the court retained jurisdiction of the matter to determine at a later date the issue of permanent loss of earning capacity. Id.
In DCH, the employer sought to vacate the trial court's order by petition for a writ of mandamus, contending that the court's order was inconclusive and, thus, not appealable. In denying the employer's petition, this court stated:
"The trial court's judgment was styled as an `interlocutory decree,' which is by definition not a final judgment. However, it is not the title of an order that makes it final; rather, the test of a judgment's finality is whether it sufficiently ascertains and declares the rights of the parties. McCulloch v. Roberts, 290 Ala. 303, 276 So.2d 425 (1973). A final judgment in a workmen's compensation case must contain statements of fact and conclusions of law. § 25-5-88, Code 1975. We find that the `interlocutory decree' entered by the trial court contains the findings necessary to support an appeal without undue hardship to the employer. Moreover, the fact that the trial court retained jurisdiction over the award of temporary disability does not bar such an appeal. Section 25-5-88, Code 1975, states that after a final judgment has been entered in a workmen's compensation case subsequent proceedings may be held only `for the recovery of moneys thereby determined to be due.' The trial court found that the employee continued to suffer temporary total disability and ordered the defendant to pay temporary total disability benefits and to pay past and future medical expenses. These are moneys which the trial court determined were due to the employee, and there was no error in retaining jurisdiction to enforce the payment of them."
571 So.2d at 1164. As to the trial court's decision to leave the question of permanent disability open to further proceedings, we held that the trial court could not have determined the extent of the employee's permanent disability at the time of the proceedings, because the employee had not yet reached maximum medical recovery, and that in retaining jurisdiction of the matter the court had exercised judicial economy. Id. We further held that an employee who has already received compensation payments may bring an action for permanent disability benefits within two years from the time of the last payment, *480 pursuant to § 25-5-117, Ala.Code 1975, and that because the statute provides a remedy for the employee, the court's reservation of jurisdiction of this matter was mere surplusage. Therefore, that portion of the court's order was error without injury. Id.
In the present case, the trial court entered an order finding that Weaver had suffered a compensable injury during the course of his employment with B E & K. The court further found that B E & K had paid medical benefits and temporary total-disability benefits for 13 months and had then ceased making the payments. The court ordered B E & K to pay past total-disability benefits that were due, as well as the penalty provided by § 25-5-59, Ala. Code 1975, for overdue compensation. Further, the court also ordered B E & K to pay weekly temporary total-disability payments "until further ordered by [the] court." The court also ordered B E & K to pay the necessary future medical expenses incurred by Weaver. Finally, the court awarded Weaver his costs and expenses incurred in prosecuting the case. We note that the court failed to make a determination as to any permanent disability suffered by Weaver and failed to specifically reserve jurisdiction of that issue for further proceedings. However, like the employee in DCH, Weaver had not yet reached maximum medical improvement at the time of the proceedings; therefore, a determination as to any permanent disability suffered by him could not be made at that time.[2] The court was not required to specifically reserve jurisdiction of the matter for a future determination of permanent disability, because such a reservation would simply have been surplusage, in light of the availability of a remedy pursuant to § 25-5-117. Id. Accordingly, we conclude that the judgment entered by the court sufficiently ascertained and declared the rights and obligations of the parties and is an appealable order. Colburn, supra.
B E & K argues that the trial court applied the wrong standard of proof in making its finding that Weaver had suffered a new injury during the course of his employment with B E & K. B E & K contended in the trial court that Weaver had misrepresented his previous physical history in that he had failed to disclose on his employment application that he had sustained severe back injuries in 1990 as a result of an automobile accident. B E & K contended that the injuries sustained by Weaver in July 1997 were merely a reinjury or an aggravation of those injuries sustained in the automobile accident and that because he failed to disclose the injuries arising out of the automobile accident he was precluded from recovering compensation benefits pursuant to § 25-5-51, Ala. Code 1975. Weaver conceded that he had misrepresented his previous physical history on the employment application; however, he sought to prove that the injuries he sustained in July 1997 while employed with B E & K were new injuries that were unrelated to those he had sustained in the automobile accident.
Weaver does not contend that he sustained his injuries as a result of an "accident"; rather, he contends that his injuries occurred as a result of the continuous lifting of cross-ties and four-by-fours over a period of 5 to 10 days while he was employed with B E & K.[3] Section 25-5-81(c), Ala.Code 1975, provides:

*481 "(c) Evidence.The decision of the court shall be based on a preponderance of the evidence as contained in the record of the hearing, except in cases involving injuries which have resulted from gradual deterioration or cumulative physical stress disorders, which shall be deemed compensable only upon a finding of clear and convincing proof that those injuries arose out of and in the course of the employee's employment.
"For the purposes of this amendatory act, `clear and convincing' shall mean evidence that, when weighted against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt."
Dr. Allen testified that Weaver had suffered a new injury while engaged in repeated lifting during the course of his employment and that the new injury had no genesis in the injuries sustained in the 1990 automobile accident. He also testified that the injuries sustained in the automobile accident were not a contributing factor to the new injury. The court adopted the findings and opinions of Dr. Allen and found them to be proven by a preponderance of the evidence. Because Weaver's injuries arose from the gradual deterioration or cumulative physical stress caused by the repeated lifting, the proper standard of proof was the "clear and convincing" standard. Accordingly, we must reverse the judgment and remand the case for the trial court to apply the appropriate standard of proof. Because we reverse and remand, we pretermit discussion of the remaining issue raised by B E & K on appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., concurs specially.
CRAWLEY, Judge, concurring specially.
I agree with Judge Yates that the trial court applied the incorrect burden of proof to determine the legal causation of the worker's cumulative-deterioration injuries. I am not persuaded that Ex parte DCH Regional Medical Center, 571 So.2d 1162 (Ala.Civ.App.1990), stands for the proposition that a determination of temporary total-disability benefits is a final judgment. I would treat this appeal as a petition for a writ of mandamus relating to an interlocutory order. I would issue a writ directing the trial court to apply the clear-and-convincing-evidence burden of proof to determine if the worker proved the legal causation of his injuries.
NOTES
[1] Although the court tried the case on the issue of compensability of injury, it also made certain determinations as to temporary total-disability benefits and medical expenses. These findings will be addressed later in this opinion. The amount of the benefits awarded is not an issue on appeal.
[2] Weaver was advised in August 1997 by a treating physician to undergo surgery on his back. Weaver declined to have the surgery. Because Weaver refused the surgery, the treating physician declared Weaver to have reached maximum medical improvement. Subsequently, Dr. Allen suggested surgery and Weaver agreed to it. However, the surgery had to be postponed, because Weaver's diabetes prevented him from undergoing surgery at that time. Because Weaver has yet to undergo the surgery, he has not reached maximum medical improvement.
[3] In Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996), our supreme court defined "accident" as a sudden and traumatic event, e.g., being struck by a falling hammer on a construction site or slipping off a ladder. The court defined a "nonaccidental injury" as an injury "not produced by some sudden and traumatic external event." Id., at 266.