Carole C. Cockrum appeals from a summary judgment in favor of Dunlop Tire Corporation in her action seeking death benefits pursuant to §25-5-57(a)(5) and § 25-5-60(1), Ala. Code 1975, portions of the Workers' Compensation Act.
Harley Cockrum, Carole's husband, was employed by Dunlop. He suffered an injury to his right knee during the course of his employment with Dunlop. On August 10, 1994, Harley was admitted to Huntsville Hospital for outpatient surgery on his right knee. Shortly after the surgery, Harley began having difficulty breathing and suffered an anoxic brain injury. He suffered brain damage and slipped into a coma.
On August 31, 1994, Harley sued Dunlop, seeking to recover workers' compensation benefits. Carole, as the wife and conservator of Harley's estate, entered into a settlement agreement with Dunlop whereby Dunlop agreed, among other things, that Harley had a life expectancy of 910.52 weeks; to pay $391.55 per week as permanent-total-disability benefits for the duration of Harley's disability; and to continue providing medical benefits in accordance with § 25-5-77, Ala. Code 1975. The trial court approved the settlement on February 23, 1995.
On March 11, 1996, Carole, individually and as the personal representative and conservator of Harley's estate, sued certain defendants, alleging medical malpractice and negligence related to the injuries suffered by Harley on August 10, 1994. Dunlop and Royal Insurance Company, Dunlop's workers' compensation insurance carrier, intervened in Carole's third-party action in order to protect their subrogation interests for the compensation and medical benefits paid on behalf of Harley. Following the intervention, Dunlop and Royal Insurance entered into an agreement with Carole whereby they agreed to accept 40% of the net proceeds of her third-party action in consideration of their subrogation interests and in exchange for the dismissal of their intervenor action.
Harley remained in a vegetative state until his death on December 12, 1997; his death was caused by complications due to the anoxic brain injury suffered on August 10, 1994. On August 6, 1998, Carole entered *Page 60 
into a settlement agreement and joint release with the third-party defendants and settled the claims made the basis of her third-party action for $750,000. Pursuant to the agreement between Dunlop, Royal Insurance, and Carole, Dunlop and Royal Insurance were paid 40% of the settlement proceeds from the third-party action in satisfaction of their subrogation interests.
On August 6, 1998, Carole filed a document styled "Motion To Obtain Death Benefits," seeking death benefits pursuant to § 25-5-57(a)(5) and § 25-5-60(1), Ala. Code 1975. Dunlop responded by arguing that Carole was not a party to the original workers' compensation action between Harley and Dunlop and that it did not owe Carole any death benefits. Thereafter, on January 7, 1999, Carole moved to intervene in the workers' compensation action. The motion to intervene was accompanied by a complaint seeking workers' compensation death benefits from Dunlop pursuant to § 25-5-57(a)(5) and § 25-5-60(1). The court granted the motion to intervene, on January 28, 1999. Both parties moved for a summary judgment. On February 8, 2001, the trial court entered the following order:
 "This matter having come before the court on the Intervenor's Motion for Summary Judgment and the Defendant's Motion for Summary Judgment, and the Court having considered the same, it is the opinion of the Court that the Intervenor's Motion for Summary Judgment must be denied and that of the Defendant is due to be granted.
 "It is, therefore, ORDERED, ADJUDGED and DECREED that judgment be and hereby is entered in favor of the Defendant, Dunlop Tire Corporation, as to any and all claims of the Intervenor in this matter."
This court has stated:
 "Section 25-5-88, Ala. Code 1975, provides that a judgment in a workers' compensation case `shall contain a statement of the law and facts and conclusions as determined by [the trial] judge.' This mandate includes a judgment entered pursuant to a motion for summary judgment under Rule 56, Ala.R.Civ.P. The purpose of § 25-5-88, Ala. Code 1975, is to `ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts.' Substantial compliance with this requirement is sufficient. `If the trial court's findings are meager or omissive, this court may look to the record to determine if the trial court's judgment should be upheld.' However, `[i]f a judgment entered in a [workers'] compensation case fails to include a finding of facts and conclusions of law, the matter must be reversed.'
 "`Until the trial court makes the required finding of fact and conclusions of law and enters a judgment based thereon, we cannot review its finding and judgment for error.'"
Danley v. Dorsey Trailers, Inc., [Ms. 2990908, December 1, 2000],784 So.2d 1052, 1053-54 (Ala.Civ.App. 2000) (citations omitted).
In this case, the trial court did not make the findings of fact and conclusions of law required by § 25-5-88. This court cannot determine from the trial court's order what facts, or what provisions of the Workers' Compensation Act, the trial court relied upon in entering the summary judgment in favor of Dunlop. Accordingly, we have no choice but to reverse the court's judgment and remand the case in order for the court to make the necessary findings of fact and conclusions of law.
REVERSED AND REMANDED WITH INSTRUCTIONS. *Page 61 
Crawley, Thompson, and Pittman, JJ., concur.
Murdock, J., concurs in the result.