Richard Dempsey sued his employer, International Paper Company, seeking to recover workers' compensation benefits. On February 19, 2002, the trial court entered an order in which it found, in pertinent part, that Dempsey had properly reported his injury to his supervisor; that Dempsey's claims were not barred by the statute of limitations; that Dempsey's injuries were compensable under the Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975; and that International Paper was responsible for all of Dempsey's medical bills attributable to his injuries. In addition, the trial court's February 19, 2002, order states:
 "3. The Court concludes [Dempsey] is entitled to any accrued temporary total and/or permanent partial and/or permanent total compensation benefits accrued to this day and further concludes *Page 1237 
that [Dempsey] is entitled to all vocational, indemnity, and medical benefits as prescribed by the Workers' Compensation Act of Alabama as a result of these injuries being deemed compensable by the Court.
 "4. The Court reserves ruling at this particular time on the extent of [Dempsey's] personal permanent disability, if any."
International Paper filed a notice of appeal from the February 19, 2002, order.
Although the issue is not raised by the parties (Dempsey did not favor this court with a brief on appeal), the issue of jurisdiction is so fundamental that this court takes notice of it ex mero motu. BacadamOutdoor Advertising, Inc. v. Kennard, 721 So.2d 226 (Ala.Civ.App. 1998) (citing Nunn v. Baker, 518 So.2d 711 (Ala. 1987), and Wallace v. Tee JaysMfg. Co., 689 So.2d 210 (Ala.Civ.App. 1997)).
In Ex parte DCH Regional Medical Center, 571 So.2d 1162 (Ala.Civ.App. 1990), the trial court determined that the injured worker had reached maximum medical improvement ("MMI") after the on-the-job accident that had caused her temporary total disability and that a mental condition attributable to the on-the-job accident had prolonged the worker's disability. The trial court ordered the employer to continue to pay the injured worker a specified amount in weekly temporary total disability benefits until she reached MMI. The trial court also specifically reserved jurisdiction to consider on a later date the issue whether the worker had suffered a permanent disability as a result of her on-the-job accident. This court rejected the employer's argument that the trial court's judgment was not sufficiently final to support an appeal. This court stated that "the test of a judgment's finality is whether it sufficiently ascertains and declares the rights of the parties." Exparte DCH Reg'l Med. Ctr., 571 So.2d at 1164.
In Mike Makemson Logging v. Colburn, 600 So.2d 1049 (Ala.Civ.App. 1992), the trial court entered a judgment awarding the injured worker 30 weeks of temporary total disability benefits and postponing for six months its consideration of the issue of the extent of any permanent disability the worker suffered. The employer argued that the judgment was not sufficiently final to support an appeal. This court rejected that argument and determined that the judgment in that case "contained the necessary findings to support an appeal." Mike Makemson Logging v.Colburn, 600 So.2d at 1050.
In BE K, Inc. v. Weaver, 743 So.2d 476 (Ala.Civ.App. 1999), the injured worker, Weaver, sought workers' compensation benefits from his employer. The trial court entered a judgment finding that Weaver's injuries were compensable, awarding him specific amounts for overdue workers' compensation benefits, and ordering the employer to continue to pay Weaver temporary total disability benefits. The employer appealed, citing Ex parte DCH Regional Medical Center, supra, in support of its contention that the judgment was final and would support the appeal. This court analyzed Ex parte DCH Regional Medical Center and discussed the specific nature of the findings and conclusions contained in the judgment before it. 743 So.2d at 479-80. We concluded that given the trial court's specific findings regarding the issues presented to it, the judgment was final and would support the appeal. In so holding, this court stated:
 "We note that the court failed to make a determination as to any permanent disability suffered by Weaver and failed to specifically reserve jurisdiction of that issue for further proceedings. However, like the employee in [Ex parte] DCH *Page 1238 [Regional Medical Center, 571 So.2d 1162
(Ala.Civ.App. 1990)], Weaver had not yet reached maximum medical improvement at the time of the proceedings; therefore, a determination as to any permanent disability suffered by him could not be made at that time. The court was not required to specifically reserve jurisdiction of the matter for a future determination of permanent disability, because such a reservation would simply have been surplusage, in light of the availability of a remedy pursuant to § 25-5-117[, Ala. Code 1975]. Id. Accordingly, we conclude that the judgment entered by the court sufficiently ascertained and declared the rights and obligations of the parties and is an appealable order. [Mike Makemson Logging v.] Colburn, [600 So.2d 1049
(Ala.Civ.App. 1992)]."
BE K, Inc. v. Weaver, 743 So.2d at 480 (emphasis added; footnote omitted).
In this case, the parties presented evidence to the trial court only on the issue of the timeliness of Dempsey's claim and the compensability of his injuries. Neither party addressed whether Dempsey had reached maximum medical improvement. The trial court's judgment contains specific findings of fact setting forth its reasons for its conclusions that Dempsey's claim for workers' compensation benefits was not barred by the statute of limitations and that his injury was compensable.
However, the trial court's February 19, 2002, order does not set forth any specific amount of temporary disability benefits due to Dempsey. More significantly, although the February 19, 2002, order does state that Dempsey is entitled to some accrued benefits, it mentions temporary-total, permanent-partial, and permanent-total disability benefits without specifying to which form of benefits Dempsey might be entitled. This court has considered appeals from judgments similar to the one before us in which the trial court has retained jurisdiction to determine at a later date the extent of any permanent injury the worker might have suffered. See BEK, Inc. v. Weaver, supra; Mike MakemsonLogging v. Colburn, supra; Ex parte DCH, supra. However, we find the order in this case to be distinguishable from the judgments in those cases because it did not determine the amount or the type of benefits to which Dempsey might be entitled. The trial court's February 19, 2002, order "is not one wherein the trial court merely exercised judicial economy by retaining jurisdiction over the case." Lee Apparel Co. v.Hart, 623 So.2d 329, 331 (Ala.Civ.App. 1993). We must conclude that the trial court's February 19, 2002, order does not sufficiently ascertain and set forth the rights and obligations of the parties, and, therefore, that that order is not sufficient to support International Paper's appeal to this court. See BE K, Inc. v. Weaver, supra. This court must dismiss an appeal taken from a nonfinal order or judgment. BacadamOutdoor Advertising, Inc. v. Kennard, supra; Bryant v. Flagstar Enters.,Inc., 717 So.2d 400 (Ala.Civ.App. 1998).
APPEAL DISMISSED.
Yates, P.J., and Pittman, J., concur. *Page 1239