This is an appeal from a judgment in a workers' compensation action finding an injury compensable and awarding temporary total disability benefits.
On February 8, 2001, Patrick Howard Tholl ("the employee") sued Sign Plex ("the employer") seeking workers' compensation benefits based upon an accident the employee alleged had occurred in January 1999, while he was in the line and scope of his employment. The employer filed an answer, denying the allegations of the complaint. On July 8, 2002, the trial court held a hearing concerning whether the employee's injury was compensable under the Alabama Workers' Compensation Act; that court found the employee's injury to be compensable and awarded temporary total disability benefits under the Act. On July 12, 2002, the employer filed a motion *Page 1115 
requesting the trial court to vacate its compensability determination; the trial court denied that motion.
The employer appealed from the trial court's July 8, 2002, ruling. The employee filed a motion to dismiss the appeal; in the motion he contended that the appeal was not taken from a final judgment. The employer filed a response, citing BEK, Inc. v. Weaver, 743 So.2d 476 (Ala.Civ.App. 1999), as authority for its position that it is entitled to an immediate appeal. This court initially denied the motion to dismiss the appeal. Having had the opportunity to review the record in its entirety, however, we conclude that the employee is correct.
In BEK, supra, we noted that an appellate court is without jurisdiction to review a matter where no final judgment has been entered. 743 So.2d at 478. We further noted that the determination whether a judgment is final does not depend on the title or label given the judgment; rather, that determination depends on whether the judgment sufficiently ascertains and declares the rights of the parties. Id.
at 478-79.
We have recently dismissed appeals in two workers' compensation cases based upon the failure of the judgment appealed from to sufficiently ascertain and declare the rights of the parties, thereby rendering the trial court's judgments nonfinal. See USA Motor Express, Inc. v. Renner, [Ms. 2010732, Jan. 17, 2003] 853 So.2d 1019 (Ala.Civ.App. 2003); Homes ofLegend, Inc. v. O'Neal, [Ms. 2010949, Jan. 31, 2003] 855 So.2d 536
(Ala.Civ.App. 2003).
In Renner, the employee requested a hearing solely on the issue whether his injury was compensable under the Workers' Compensation Act. The trial court entered an order finding that the employee's injury had arisen out of and in the course of his employment and directing the employer to provide medical treatment. The trial court order did not award temporary-total-disability benefits. In Renner, we noted that we had recently held that an order that simply determines compensability without also determining the amount or type of benefits to which an employee may be entitled will not support an appeal, because such an order does not sufficiently ascertain the rights and obligations of the parties as to be a final judgment. See International Paper Co. v. Dempsey, [Ms. 2010660, Sept. 13, 2002] 844 So.2d 1236 (Ala.Civ.App. 2002).
In O'Neal, the employee sued both his employers, both former and subsequent, based on injuries he suffered on the job. The trial court scheduled a hearing on the employee's motion to compel payment for medical services, which in essence sought a determination of which employer was responsible for the employee's medical expenses. One employer, Homes of Legend, was ordered to pay the employee's medical expenses, and Homes of Legend appealed. On appeal, we noted:
 "This court has held that a workers' compensation judgment similar to the one presently before this court was sufficiently final to support an appeal in cases in which the trial court reserved jurisdiction to later determine the issue of the worker's permanent total disability, if any. BEK, Inc. v. Weaver, 743 So.2d 476 (Ala.Civ.App. 1999); Mike Makemson Logging v. Colburn, 600 So.2d 1049 (Ala.Civ.App. 1992); Ex parte DCH Reg'l Med. Ctr., 571 So.2d 1162
(Ala.Civ.App. 1990). However, in those cases, the trial court made findings that the injury was compensable and calculated the disability benefits due at the time the order was entered. In addition, in Ex parte DCH Regional Medical Center, supra, and BEK, Inc. v. Weaver, supra, the trial courts also ordered that the employer was responsible for the payment for medical treatment related to the worker's injury. *Page 1116 
 "In International Paper Co. v. Dempsey, [Ms. 2010660, Sept. 13, 2002] 844 So.2d 1236 (Ala.Civ.App. 2002), the employer appealed an order finding that the worker was entitled to medical benefits under the Workers' Compensation Act and to any workers' compensation benefits that had accrued until the date of that order; in that order, the trial court reserved ruling on the issue of the worker's permanent disability, if any. The trial court's order, however, did not establish the nature of the workers' compensation benefits due or the amount of benefit that had accrued until the date of the trial court's order. For that reason, this court concluded that the trial court's order in that case was distinguishable from the orders this court had concluded in BEK, Inc. v. Weaver, Mike Makemson Logging v. Colburn, and Ex parte DCH Regional Medical Center were sufficiently final to support an appeal. This court determined that because the trial court's order did not determine the amount or type of benefits due the worker on the date of the entry of the order, it was not sufficiently final to support an appeal; therefore, we dismissed the appeal. International Paper Co. v. Dempsey, 844 So.2d at 1238."
855 So.2d 536, 538.
In the instant case, the parties agreed to try only the issue of compensability, and the trial court has adjudicated only the issue of compensability at this stage of the action. The parties stipulated to the employee's average weekly wage, but failed to list an amount under the heading "TTD" (temporary total disability). The trial court's order found the employee's injury compensable, apparently rejecting the statute-of-limitations defense asserted by the employer, and awarded temporary total disability benefits; however, the order did not specify any amount of benefits accrued and owing as of the time of the order.
After a thorough review of the record, we conclude that the trial court's order resolved only the issue of compensability; it contained no provision pertaining to benefits accrued and payable at the time the order was entered. As we did in Dempsey, we must dismiss the employer's appeal because the trial court's order does not "`sufficiently ascertain and declare the rights of the parties'" so as to constitute a final judgment that would support an appeal. 844 So.2d 1237 (quoting Ex parteDCH Reg'l Med. Ctr., 571 So.2d 1162, 1164 (Ala.Civ.App. 1990)).
Because we have concluded that the appeal must be dismissed as not being from a final judgment, we need not now decide whether the order from which the appeal was taken was or was not correct. However, in entering a final judgment on remand, the trial court should state both its findings of fact and its conclusions of law. See § 25-5-88, Ala. Code 1975. The following is well settled:
 "'Section 25-5-88, Ala. Code 1975, provides that a judgment in a workers' compensation case "shall
contain a statement of the law and facts and conclusions as determined by the [the trial] judge. . . . The purpose of § 25-5-88, Ala. Code 1975, is to "ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts." Substantial compliance with this requirement is sufficient. "If the trial court's findings are meager or omissive, this court may look to the record to determine if the trial court's judgment should be upheld." However, "[i]f a judgment entered in a [workers'] compensation case fails to include a finding of facts and conclusions of law, the matter must be reversed."
 "'"Until the trial court makes the required finding of fact and *Page 1117 
conclusions of law and enters a judgment based thereon, we cannot review its finding and judgment for error."'
 "Danley v. Dorsey Trailers, Inc., 784 So.2d 1052, 1053-54
(Ala.Civ.App. 2000) (citations omitted)."
Cockrum v. Dunlop Tire Corp., 808 So.2d 58, 60 (Ala.Civ.App. 2001) (emphasis added).
Of course, because the trial court has not entered a final judgment in this case, § 25-5-88 has not yet come into play. However, had the order presented for review in this case been a final judgment, its compliance with § 25-5-88 would have been questionable; the order contains no findings of fact and conclusions of law and would therefore be subject to challenge for failure to substantially comply with § 25-5-88. Cockrum, 808 So.2d at 60. We address this matter simply to put the trial court on notice that when it ultimately enters a final judgment in this case, that judgment must satisfy the requirements of § 25-5-88, Ala. Code 1975.
APPEAL DISMISSED.
MURDOCK, J., concurs.
YATES, P.J., concurs specially.
CRAWLEY and THOMPSON, JJ., concur in the result.