In International Paper Co. v. Dempsey, [Ms. 2010660, September 13, 2002], 844 So.2d 1236 (Ala.Civ.App. 2002), the trial court had determined, among other things, that the employee was entitled to "any accrued temporary total and/or permanent partial and/or permanent total compensation benefits accrued." 844 So.2d at 1236. On appeal, this court concluded that the judgment of the trial court did not sufficiently ascertain the rights and obligations of the parties and that, therefore, it was not final and appealable because it did not "determine the amount or the type of benefits" to which the employee was entitled. 844 So.2d at 1238.
In this case, the trial court determined that the employee was entitled to temporary total disability benefits; however, it did not specify the amount of benefits to which the employee was entitled, as required byDempsey. The judgment in this case does not sufficiently ascertain the rights and obligations of the parties; it is not a final judgment that would support an appeal. Accordingly, I agree with the main opinion that the appeal is due to be dismissed because it is from a nonfinal judgment.
However, assuming that this court had jurisdiction in this case, I believe that the judgment in this case would be due to be reversed, because the judgment entered does not provide this court with a proper order to review for error. The trial court entered on the case action summary sheet the following order in this case:
 "Trial as to the issue of compensability. Both parties are present with their attorney and testimony is taken. The trial Court finds from this that the employer was informed and that the injury was an on the job injury. The Plaintiff is further entitled to temporary total disability benefits until maximum medical improvement is reached."
The main opinion correctly sets forth the law as it pertains to § 25-5-88, Ala. Code 1975, and states that the trial court's compliance with § 25-5-88 was "questionable." To me there is no question that the order is completely deficient and in no way complies with the mandate of § 25-5-88, Ala. Code 1975. Unless the trial court complies with the mandate of § 25-5-88 upon remand, this court cannot review the judgment for error. Cockrum v. Dunlop *Page 1118 Tire Corp., 808 So.2d 58 (Ala.Civ.App. 2001).