Coosa Valley Health Care ("Coosa Valley") appeals from a judgment of the Etowah Circuit Court determining that Violet Johnson was not barred by Ala. Code 1975, § 25-5-51,[1] from receiving workers' compensation disability benefits. We dismiss the appeal as being from a nonfinal judgment.
In June 2004, Johnson was employed as a nursing assistant at Coosa Valley's nursing-home facility. At that time, Coosa Valley had in effect a "buddy system lifting rule" that requires two employees to work together when turning, positioning, or lifting any resident. On June 18, 2004, Johnson injured her lower back when she attempted, without assistance, to lift a resident from a chair into his bed. Johnson admits that she lifted the patient without assistance, but she claims that her actions did not constitute a violation of the safety rule because of an exigent circumstance, namely that the resident was in immediate danger of falling and hurting himself.
Johnson promptly reported her injury to Coosa Valley. On June 23, 2004, Millenium Risk, Coosa Valley's workers' compensation risk manager, denied Johnson's claim based on its determination that Johnson had violated a safety rule by lifting the resident without assistance.
In November 2004, Johnson filed this action seeking workers' compensation benefits. Coosa Valley's answer asserted, among other defenses, that Johnson was not. entitled to disability benefits because she was guilty of misconduct or of violating a safety rule or policy as provided in § 25-5-51.
In February 2005, the trial court held a hearing on Johnson's motion to compel Coosa Valley to pay temporary total disability benefits; the trial court heard argument and received documentary evidence, including transcripts of depositions and an affidavit, but it did not hear testimony. On February 14, 2005, the trial court entered an order granting Johnson's motion to compel payment of benefits.[2] This order *Page 905 
did not state any findings of fact or conclusions of law and did not make any determination as to either the type or the amount of benefits payable to Johnson. On March 14, 2005, Coosa Valley filed a postjudgment motion requesting, among other things, that the trial court set forth findings of fact and conclusions of law.
On April 5, 2005, the trial court entered an order setting forth findings of fact and determining that Coosa Valley failed to prove that Johnson had willfully violated a safety rule. Among other things, the April 5 order (1) ordered Coosa Valley to pay temporary-total-disability benefits from June 21, 2004, until the earlier of the final hearing on the matter or the date Johnson is released to return to work, (2) expressly reserved until the final hearing a ruling on medical- and legal-causation issues, insofar as those issues relate to whether Johnson is entitled to permanent-disability benefits, and (3) expressly reserved until a final hearing the taxing of costs and interest on unpaid installments of compensation. The April 5 order did not specify the amount of accrued benefits then due to Johnson or the amount of temporary benefits to be paid to Johnson from and after the April 5 order; nor did the April 5 order decide the issue whether Johnson was entitled to any permanent disability benefits.
On April 15, 2005, Coosa Valley filed a motion to alter, amend, or vacate the April 5, 2005, order. That motion requested, among other things, that the trial court enter a "final judgment on partial findings" so that the April 5 order could be appealed. On April 19, 2005, the trial court entered an order stating that "[t]he Judgment Order on partial finding of the Court dated April 5, 2005, is made Final for purpose of appeal." Coosa Valley appeals, contending that the trial court erred in determining that Johnson did not willfully violate a safety rule.
Although neither party has raised the issue of this court's jurisdiction over this appeal, we note that "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the appeal. See Jim Walter Homes, Inc. v.Holman, 373 So.2d 869, 871 (Ala.Civ.App. 1979).
Our Supreme Court has defined a "final judgment" as
 "a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself. . . . All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own."
Jewell v. Jackson Whitsitt Cotton Co.,331 So.2d 623, 625 (Ala. 1976). "[T]he test of a judgment's finality is whether it sufficiently ascertains and declares the rights of the parties." Ex parte DCH Reg'l Med. Ctr., 571 So.2d 1162,1164 (Ala.Civ.App. 1990).
In Williams Power, Inc. v. Johnson, 880 So.2d 459
(Ala.Civ.App. 2003), the trial court entered an award of temporary and permanent compensation benefits, including a specific amount of past-due benefits. As to past-due medical benefits, however, the trial court merely ordered "that the defendant . . . shall reimburse the plaintiff for any and all medical expenses already paid by him," without specifying an amount. 880 So.2d at 460. This court *Page 906 
held that the trial court's judgment was not final, reasoning as follows:
 "`It is well established that a final judgment is a "terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants." Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App. 1986). Further, the judgment must be conclusive and certain with all matters decided, including the assessment of damages with specificity for a sum certain determinable without resorting to extraneous facts.'
 "Dees v. State, 563 So.2d 1059, 1061
(Ala.Civ.App. 1990) (emphasis added). See, e.g., Moody v. State ex rel. Payne, 351 So.2d 547, 551 (Ala. 1977) ('Where the amount of damages is an issue . . . the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.'). In this case, the amount of damages pertaining to past medical expenses was not specified by the trial court, and, thus, the appeal has been taken from a nonfinal judgment."
Williams Power, Inc., 880 So.2d at 461.
In International Paper Co. v. Dempsey, 844 So.2d 1236
(Ala.Civ.App. 2002), the trial court ruled that the employee was entitled to "any accrued temporary total and/or permanent partial and/or permanent total [workers'] compensation benefits accrued to this day." 844 So.2d 1236-37. This court noted that, among other things, the trial court's judgment did not "set forth any specific amount" of accrued, temporary-disability benefits due to the employee. 844 So.2d at 1238. Accordingly, this court concluded that the trial court's "order does not sufficiently ascertain and set forth the rights and obligations of the parties, and, therefore, . . . is not sufficient to support [the employer's] appeal to this court." 844 So.2d at 1238.
In the present case, as in Williams Power, Inc., the trial court's April 5 order does not specify the amount of previously paid medical benefits as to which Johnson may be entitled to reimbursement. Furthermore, as in InternationalPaper Co., the trial court's April 5 order does not specify the amount of Johnson's accrued temporary benefits; nor does it specify the amount of temporary benefits payable to Johnson from and after the date of the order. For these reasons, the trial court's April 5 order is not a final judgment.
In addition, the trial court's April 5 order does not determine whether Johnson is entitled to permanent-disability benefits and, if so, in what amount. In DCH Regional Medical Center, this court held that the trial court's decision to leave open the question of permanent disability did not prevent the trial court's order from being a final judgment. We held, however, that trial court could not have determined the extent of the employee's permanent disability at the time of the proceeding, because the employee had not yet reached maximum medical improvement, and that in retaining jurisdiction of the matter the court had exercised judicial economy. 571 So.2d at 1164-65.
Similarly in BE K, Inc. v. Weaver, 743 So.2d 476
(Ala.Civ.App. 1999), the trial court entered an extensive order addressing the employee's entitlement to temporary-disability benefits and medical expenses, but failing to make a determination as to permanent-disability benefits. As in DCHRegional Medical Center, this court recognized that the circumstances in BE K, Inc. fell within an exception to the rule requiring finality for purposes of appeal, in that the employee had not yet reached maximum medical improvement at the time of the *Page 907 
proceedings, and therefore a determination as to any permanent disability could not be made at that time. 743 So.2d at 480.See also Mike Makemson Logging v. Colburn,600 So.2d 1049 (Ala.Civ.App. 1992).
Neither party to the present case has addressed the question whether Johnson had reached maximum medical improvement. The present case therefore does not fall within the exception to the rule requiring finality of judgment that was recognized inDCH Regional Medical Center, Mike Makemson Logging, andBE K, Inc. Thus, for this additional reason, the trial court's April 5, 2005, order is not a final judgment that will support an appeal. See also International Paper Co.,supra.
Based on the foregoing, Coosa Valley's appeal is due to be dismissed.[3]
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
PITTMAN, J., concurs in the result, without writing.
[1] Section 25-5-51, Ala. Code 1975, provides, in part:
 "[N]o compensation shall be allowed for an injury or death caused by the willful misconduct of the employee, by the employee's intention to bring about the injury or death of himself or herself or of another, his or her willful failure or willful refusal to use safety appliances provided by the employer. . . ."
[2] The February 14 order provided only that "[t]he Plaintiff's Motion to Compel Payment of Benefits is hereby granted."
[3] The trial court clearly intended its order for payment of accrued benefits to be immediately enforceable. The only issue in the case before us, however, is whether this court has jurisdiction over the attempted appeal of the trial court's judgment. The lack of finality of that judgment is dispositive of that issue.