BRYAN, Judge,
concurring in part and dissenting in part.
I respectfully dissent from the main opinion insofar as it (1) determines that the trial court’s order is subject to the requirements found in § 25-5-88, Ala. Code 1975, mandating findings of fact and conclusions of law and (2) requires the trial court to make findings of fact and conclusions of law pursuant to § 25-5-88. Section 25-5-88 provides, in pertinent part:
“At the hearing ... the [trial] court ... shall decide the controversy. This de *141 termination shall be filed in writing with the clerk of [the trial] court, and judgment shall be entered thereon in the same manner as in civil actions tried in the [trial] court and shall contain a statement of the law and facts and conclusions as determined by [the trial] judge.”
Section 25-5-88, by referencing a “judgment,” requires a final judgment to contain findings of facts and conclusions of law. However, I do not read that section as requiring an interlocutory order, such as the one in this case, to contain findings of fact and conclusions of law. This court has stated, albeit in dicta, that § 25-5-88 applies to final judgments only. See Sign Plex v. Tholl, 863 So.2d 1113, 1117 (Ala.Civ.App.2003) (“Of course, because the trial court has not entered a final judgment in this case, § 25-5-88 has not yet come into play.”); and SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1211 (Ala.Civ.App.2007) (per curiam opinion with one judge concurring and four judges concurring in the result) (stating that “the trial court’s failure to enter a final judgment precludes our consideration of the trial court’s compliance with § 25-5-88”). Based on the plain language of § 25-5-88, I would hold that that section applies to final judgments only. I concur with the main opinion in all other respects.