William Anthony Renner ("the worker") was employed by USA Motor Express, Inc. ("the company"), as an "over-the-road" truck driver. On December 29, 2000, the worker was resting in the sleeping berth of his truck while the truck was being loaded at a loading dock at an airport near Hartford, Connecticut. When he heard a knock at the door of the truck, the worker got up from the berth; in doing so, he said, he "reached up and pulled [himself] up and twisted around." As the worker got up from the sleeping berth, he felt his back "pop." The worker received the necessary documentation for the load from the personnel at the loading dock and proceeded to drive the truck to Huntsville to deliver the load. However, within an hour, he told Larry Gautney, his codriver, that his back hurt and he could no longer drive. Gautney drove almost the entire remainder of the return trip.
The worker sued the company, seeking workers' compensation benefits. The company, among other things, denied that the worker had properly notified the company of the alleged injury. The worker requested a bifurcated hearing on the sole issue whether his injury was compensable. After the hearing, the trial court entered an order finding that the worker's injury arose out of and in the course of his employment and requiring the company to "provide medical treatment for the worker." The order required the company to notify the trial court of the results of the medical treatment within 90 days. The trial court did not award temporary total-disability benefits.
Because of the bifurcation of the issues in this case and the trial court's very limited order, we will first consider the worker's suggestion that the trial court's order is not a final judgment that will support an appeal.[1] We note that, as argued by the company, a trial court's judgment determining compensability, awarding temporary total-disability benefits, and retaining jurisdiction to determine, once a worker reaches maximum medical improvement, the extent of permanent disability, has been held to be a final judgment that supports an appeal if it "sufficiently ascertains and declares the rights of the parties."See Ex parte DCH Reg'l Med. Ctr., 571 So.2d 1162, 1164 (Ala.Civ.App. 1990); B E K, Inc. v. Weaver, 743 So.2d 476, 480 (Ala.Civ.App. 1999). The company argues that the judgment will support an appeal based on Ex parte DCH Regional Medical Center and Weaver. However, this court recently determined that a judgment that simply determines compensability without *Page 1021 
also "determin[ing] the amount or the type of benefits to which [the worker] might be entitled" is distinguishable from those judgments found to support an appeal in Ex parte DCH Regional Medical Center and Weaver.International Paper Co. v. Dempsey, 844 So.2d 1236, 1238 (Ala.Civ.App. 2002). Such an order does not "sufficiently ascertain and set forth the rights and obligations of the parties" and will not support an appeal.Dempsey, 844 So.2d at 1238. Because the order in the present case, unlike those in Ex parte DCH Regional Medical Center and Weaver, does nothing but determine the compensability of the worker's injury and because the order was made after a bifurcated hearing at which the only issue was compensability, it is an interlocutory order that will not support an appeal. See Dempsey, 844 So.2d at 1238.
APPEAL DISMISSED.
Yates, P.J., and Thompson and Pittman, JJ., concur.
Murdock, J., concurs in the result.
[1] In his "Statement of Jurisdiction," the worker states that the trial court's judgment is not final. However, he did not file a motion to dismiss or make an argument in the "Argument" section of his brief to this court that the case was due to be dismissed. In fact, he urged us to affirm the judgment.