YATES, Presiding Judge.
Bobby Bracknell sued his employer, International Paper Company, on May 24, 2001, seeking to recover workers’ compensation benefits and alleging that during the course of his employment with International Paper he had been continuously exposed to hard-metal dust and as a result of that exposure had sustained a permanent injury to his lungs. On December 4, 2001, Bracknell moved the court to order International Paper to pay him temporary total-disability benefits to which he alleged he was entitled beginning on the date that he was last employed with International Paper. Bracknell also alleged that the benefits were overdue, and he sought the 15% penalty provided by § 25-5-59(b), Ala. Code 1975.
Following a hearing on the motion, the trial court, on July 13, 2002, entered the following order:
“1. That the Defendant is hereby ordered to pay to the Plaintiff within fourteen (14) days of this Order temporary total disability benefits in the amount of ... $32,201.40. The Court notes that the evidence presented at the hearing on this matter indicates that it was not until May 16, 2002, until the Defendant’s expert, Dr. Allen R. Goldstein, and the Plaintiffs treating physician, Dr. Richard Champion, were able to identify the cause of Plaintiffs lung problems. Further, both doctors agreed that the Plaintiff was unable to return to work during the time period between April 9, 2001, through May 16, 2002. However, it does appear to the Court that the Plaintiff reached maximum medical improvement on or about May 16, 2002, when both pulmonologists, Dr. Allen R. Goldstein and Dr. Richard Champion identified the cause of Plaintiffs lung problems associated with his employment at International Paper to be a hypersensitivity pneumonitis.
“2. The Court further orders that Plaintiffs request for a 15% penalty under Alabama Code Section 25-5-59(b) to be assessed against the Defendant, International Paper Company is hereby denied.
“3. All other matters are left for future orders of this Court.”
International Paper Company appeals.
Bracknell argues, among other things, that the trial court’s judgment is not a final judgment from which an appeal may be taken. We agree. This court has stated:
*118 “We note that in a workers’ compensation case the decision of the judge hearing the case shall be conclusive and binding between the parties. A party may appeal to the appropriate appellate court from any final judgment of the circuit court or probate court. An ap-pellate court is without jurisdiction to review a matter where no final judgment has been entered. The determination whether a judgment is final does not depend on the title of the order; rather, the determination whether a judgment is final depends on whether it sufficiently ascertains and declares.the rights of the parties.”
B E & K, Inc. v. Weaver, 743 So.2d 476, 478-79 (Ala.Civ.App.1999) (citations omitted).
In B E & K, Inc., the employer petitioned the court for resolution of a disputed workers’ compensation claim. The trial court, by agreement of the parties, tried only the issue of compensability. Following an ore tenus proceeding, the trial court entered an order finding that the employee had suffered a compensable injury and that the employer had paid medical benefits; the court ordered the employer to pay past total-disability benefits, including the 15% penalty provided by § 25-5-59(b), Ala.Code 1975, temporary total-disability benefits and future medical benefits; and it awarded costs and expenses. However, the trial court did not make a determination as to any permanent disability because the employee had not yet reached maximum medical improvement. The employee argued that the judgment was not an appealable order because, he argued, there were matters between the parties that were yet to be decided. This court stated that a determination as to any permanent disability could not be made at the time of the hearing because the employee had not yet reached maximum medical improvement. This court determined that the judgment entered by the trial court sufficiently ascertained the rights of the parties and was an appealable order. Id., at 480.
The order granting temporary total-disability benefits to Bracknell does not adjudicate all of the issues pending between the parties in this case. The trial court was presented with evidence from Brack-nell’s treating physician and International Paper’s expert, and it determined that Bracknell had reached maximum medical improvement on May 16, .2002; however, the trial court made no determination as to the extent of any permanent disability suffered by Bracknell. We conclude that the trial court’s order does not sufficiently ascertain the rights of the parties in this case so as to be a final appealable order; therefore, this court does not have jurisdiction of this case at this time.
APPEAL DISMISSED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.