YATES, Presiding Judge.
Dwayne Lacey sued his employer, Wade Sand & Gravel, Inc. (“Wade”), on January 24, 2001, seeking to recover workers’ compensation benefits for an injury he allegedly sustained on September 16, 1999, during the course of his employment with Wade. Lacey alleged that he was rendered permanently and totally disabled as the result of the alleged injury. Wade answered, denying that Lacey had sustained a work-related injury on September 16, 1999, and alleging that Lacey’s alleged injury was a continuation of a previous work-related injury for which Lacey had been compensated.
Following an ore tenus proceeding, the trial court, on June 6, 2002, entered the following order:
“This is a Worker’s Compensation case. The parties stipulate that plaintiff sustained injuries in the line and scope of his employment with defendant on Sept. 16, 1999. Further, they agree both were subject to the Workers’ Compensation Act at said time, that plaintiffs average weekly wage was $487.50, and that he has been paid no temporary total disability benefits. All medical bills have been paid pursuant to a consent settlement between the parties dated July 26, 1999, which grew out of an alleged on the job injury of Oct 16, 1997. It is that injury which gives rise to this trial. The plaintiff claims this is a new injury, which when cumulated with the thoracic injury of Oct. 16, 1997, renders him 100% permanently totally disabled. Defendant, in addition to contesting the degree of disability, alleges this injury is *570 merely a non-compensable recurrence of the 1997 injury.
“On the date of this alleged injury the plaintiff was approximately two years post his first accident in this employment and ten weeks post his settlement of that injury. In July and August before this September injury he was complaining of back pain at a level of 10/10. In his words, he was hurting too bad after the 1997 injury to work. The exact origin of this claimed injury is uncertain but it is clear from plaintiffs own testimony his back just got to hurting so bad from the previous injury he could not work any more. Compounding plaintiffs physical problems are severe and disabling brain injuries stemming from a serious accident while he was in high school and unrelated degenerative back problems and knee injuries.
“It is clear from the evidence the plaintiff, although physically unable to work following his 1997 injury, for various laudable reasons undertook to do so, and that defendant laudably allowed him to try. It is found that the cumulative effects of this effort by plaintiff caused him to be unable to continue after the triggering events of Sept 16, 1999, the day he was moving rocks and using pressure hoses. The court finds the aggravations of that day caused plaintiff to be temporary totally disabled to work until January 8, 2001, at which time he was found to be ‘stable,’ or as this court hereby finds, returned to the condition which existed on Sept. 16, 1999 with no further, different or worse permanent impairment. Due to the temporary and non-permanent injuries sustained on that day, though, 67 weeks of temporary total disability payments remain unpaid. At plaintiffs average weekly wage of $487.50, his compensation rate is $324.77 per week for a total of $21,759.37.
“The court further finds, as urged by defendant, that both the thoracic and lumbar back conditions of plaintiff were caused by the injury of Oct. 16, 1997, and shall continue to be paid pursuant to law and the [judgment] of July 26, 1999, in case number CV-99-656.
“Plaintiffs able counsel have well earned and are hereby awarded as attorneys fee the sum of $3,263.
“Accordingly, it is ordered, adjudged and decreed as follows:
“1. That plaintiff have and recover of defendant the sum of $21,759.37 as unpaid but accrued temporary total disability payments.
“2. That judgment is rendered in favor of defendant as to permanent partial disability or vocational retraining benefits.
“3. That of the sums herein awarded to plaintiff, the sum of $3,263 shall be paid to his able counsel.
“4. That medical benefits shall be payable as noted herein.
“5. Costs taxed to defendant.”
Wade appeals; Lacey cross-appeals.
Wade argues that the trial court erred in finding that Lacey suffered a compensa-ble aggravation of his previous injury and in awarding temporary total-disability benefits. Lacey argues on cross-appeal that the trial court erred in failing to apply § 25-5-57(a)(4)f., Ala.Code 1975, and finding him permanently and totally disabled.
The trial court found that Lacey was physically unable to work following his first injury sustained in October 1997, but that he undertook to do so and suffered a compensable aggravation of that injury on September 16,1999, while lifting rocks and pressure hoses, which left Lacey tempo *571 rarily totally disabled.[1] Thereafter, the court found that both the thoracic and lumbar injuries were caused by the October 1997 accident. Section 25-5-88, Ala. Code 1975, requires that a final judgment in a workers’ compensation case contain a statement of the law, the facts, and the conclusions of law as determined by the trial court. See Ex parte Valdez, 636 So.2d 401 (Ala.1994). Failure to abide by the requirements of the statute mandates reversal. Lee Apparel Co. v. Hart, 623 So.2d 329 (Ala.Civ.App.1993). “Substantial compliance with § 25-5-88 has been deemed sufficient.” Id. at 330-31.
Although the trial court’s judgment in this case contains findings of fact, it contains no relevant applicable legal principles or any legal conclusions as to how the facts of this case relate to those legal principles. Until the trial court provides the required statement of law and makes conclusions based on that law, this court cannot review its findings and judgment. Id. Accordingly, the judgment is reversed and the case is remanded for the trial court to comply with the requirements of § 25-5-88, Ala. Code 1975.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
PITTMAN, J., concurs in the result.

. Lacey suffered an injury to the T-6 vertebra in the October 1997 accident. He contended at the trial in this case that the injury suffered in September 1999 was farther down the spine in the lumbar area.