897 So.2d 374 (2004)
FIRST SOUTH UTILITY CONSTRUCTION, INC.
v.
Phillip BAKER.
2030084.
Court of Civil Appeals of Alabama.
September 24, 2004.
Sia Kantargis Newman of Rogers & Associates, Birmingham, for appellant.
R. Garry Clem, Alabaster, for appellee.
PER CURIAM.
In this workers' compensation case, the Talladega Circuit Court has entered an order determining that Phillip Baker suffered an on-the-job injury to his right knee and back and has ordered First South Utility Construction, Inc., to provide medical treatment with respect to that injury; that court, however, did not determine the extent of Baker's disability, and it did not award compensation or other benefits pursuant to the Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975. First South Utility Construction, Inc., has attempted to appeal from the trial court's order, which "simply determines compensability without also `determin[ing] the amount or the type of benefits to which [the worker] might be entitled.'" USA Motor Express, Inc. v. Renner, 853 So.2d 1019, 1020-21 (Ala.Civ.App.2003) (quoting International Paper Co. v. Dempsey, 844 So.2d 1236, 1238 (Ala.Civ.App.2002)). On the authority of USA Motor Express, the appeal is dismissed ex mero motu on the basis that the trial court has not entered a final judgment that will support an appeal. See Ala.Code 1975, § 12-22-2.
APPEAL DISMISSED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
YATES, P.J., concurs specially, with writing.
YATES, Presiding Judge, concurring specially.
"[A] trial court's judgment determining compensability, awarding temporary total-disability benefits, and retaining jurisdiction to determine, once a worker reaches maximum medical improvement, the extent of permanent disability, has been held to be a final judgment that supports an appeal if it `sufficiently ascertains and declares the rights of the parties.'" USA Motor Express, Inc. v. Renner, 853 So.2d 1019, 1020 (Ala.Civ.App.2003) (quoting Ex parte DCH Reg'l Med. Ctr., 571 So.2d 1162, 1164 (Ala.Civ.App.1990)). In the present case, the trial court found that Baker had a compensable injury as a result of an on-the-job injury. The court ordered that the parties compute the temporary total-disability sum and that First South Utility begin paying temporary-total disability benefits until Baker reaches maximum medical improvement. Because the trial court has not determined the *375 amount of Baker's temporary total disability, the appeal is from an interlocutory order and should be dismissed.