Connie Sparks, Keith Sparks, Sue Copeland, and Billy Ray Copeland appeal from a partial summary judgment entered in favor of Alfa Mutual Insurance Company, an intervenor in the case below. We dismiss the appeal as being from a nonfinal judgment.
 Facts and Procedural History
Connie Sparks, Keith Sparks, Sue Copeland, and Billy Ray Copeland were in a vehicle when the vehicle was involved in a traffic accident with a police vehicle being driven by Officer Shane Blalock of the City of Florence Police Department. The Sparkses and the Copelands sued the City of Florence and Officer Blalock, seeking damages for personal injuries. The City of Florence and Officer Blalock answered the complaint, averring, among other things, that any damages for which they may be found liable cannot exceed the amount provided in Ala. Code 1975, § 11 — 47-190.[1]
At the time of the accident, Connie Sparks and Billy Ray Copeland had in effect insurance policies with Alfa Mutual Insurance Company that provided uninsured/underinsured-motorist coverage. *Page 510 
Sparks and Copeland filed with Alfa claims for uninsured/underinsured-motorist benefits as a result of the accident. Alfa intervened in the Sparkses and Copelands' action against the City of Florence and Officer Blalock and answered the complaint, also asserting as a defense that any damages to which the plaintiffs may be entitled are limited by Ala. Code 1975, § 11-47-190.
Alfa moved for a partial summary judgment, contending:
 "Alfa has no liability to the plaintiffs for any judgment rendered in the instant case against the City of Florence in excess of $100,000 per person/$300,000 per occurrence; and . . . Alfa has no liability to the plaintiffs for any judgment rendered in the instant case against Officer Shane Blalock in excess of $100,000 per person/$300,000 per occurrence since the undisputed evidence shows that Officer Blalock was acting within the line and scope of his employment with the City of Florence at the time the accident made the basis of this suit occurred and the municipal damages cap found in Ala. Code § 11-93-2[2] applies, as a matter of law, to municipal employees acting in the line and scope of their municipal employment."
The City of Florence and Officer Blalock also moved for a partial summary judgment, arguing that they "have no liability to the plaintiffs for any judgment or combination of judgments rendered in the instant suit in excess of $100,000 per person injured and $300,000 combined total for all persons injured in the accident." In response to the summary-judgment motions, the Sparkses and the Copelands argued, among other things, that the cap on damages to be paid by municipalities is intended to protect the coffers of municipalities and other government entities but is not intended to protect carriers of uninsured/underinsured-motorist insurance such as Alfa.
The trial court entered an order on March 17, 2005, and then entered a corrected order on March 22, 2005, finding that the accident occurred while Officer Blalock was "acting within the line and scope of his duty as a Florence Police Officer" and that at the time of the accident Connie Sparks and Billy Ray Copeland had insurance policies with Alfa that provided underinsured-motorist benefits. The trial court further found that
 "any damages under any judgment against the City of Florence, Alabama and defendant Shane Blalock arising out of the accident made the basis of this suit shall be limited to $100,000 for bodily injury for one plaintiff and recovery for damages under any judgment or judgments against the City of Florence and defendant Shane Blalock shall be limited to $300,000 in the aggregate for three or more plaintiffs."
In addition, the trial court found that
 "[the] plaintiffs are only entitled to recover legally against Alfa Mutual Insurance *Page 511 
Company to the extent that they can recover from tortfeasor City of Florence, Alabama and defendant Shane Blalock and thus Alfa Mutual Insurance Company has no liability to the plaintiffs for any judgment rendered in excess of $100,000 per individual and $300,000 in the aggregate as set forth above. See Ex parte Carlton, 867 So.2d 332 (Ala. 2003)." [3]
The trial court, apparently intending to certify its order as a final judgment under Rule 54(b), Ala. R. Civ. P., stated: "There being no just cause for delay, this is a final appealable order." The Sparkses and the Copelands appeal.
After the parties filed their principal briefs and the circuit clerk filed the record with this Court, the clerk of this Court directed the Sparkses and the Copelands to show cause why their appeal should not be dismissed as being from a nonfinal order. The Sparkses and the Copelands contend that the trial court's March 22, 2005, order is a final appealable judgment because, they say, it "effectively dismisses Alfa Mutual Insurance Company as a party defendant as it, if upheld on appeal, completely absolves defendant Alfa Mutual Insurance Company from any potential liability under its [uninsured/underinsured-motorist] coverage as to plaintiffs." The Sparkses and the Copelands state that the March 22, 2005, order is "a complete and final judgment as to any and all claims involving defendant Alfa Mutual Insurance Company in this pending litigation."
Alfa also responded to the show-cause order, concurring with the Sparkses and the Copelands' contention that the trial court's order "effectively dismisses [Alfa] as a party defendant by completely absolving it from any potential liability under the uninsured/underinsured (`UM') coverage issued" to Sparks and Copeland and thus constitutes a final judgment.
The City of Florence contends that the trial court's order is a final judgment because, it says, the order "effectively dismisses any and all claims of over $100,000.00 per person/$300,000.00 in the aggregate . . . under the Alabama Municipal cap on damages claims, as well as any claim against ALFA for [uninsured/under-insured-motorist] benefits in excess of said cap."
 Analysis
The City of Florence's characterization of the trial court's order is the most accurate. The trial court's order absolves Alfa of liability for any amount over $100,000 per plaintiff or $300,000 in the aggregate.[4] It does not, as the other parties characterize it, completely absolve Alfa. The order merely concludes that Alfa *Page 512 
has "no liability to the plaintiffs for any judgment rendered in excess of $100,000 per individual and $300,000 in the aggregate." We cannot conclude that that language completely absolves Alfa from liability for payment of underinsured-motorist benefits.
An "uninsured motor vehicle" is defined by statute as one with respect to which "[t]he sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which the injured person is legally entitled to recover." Ala. Code 1975, § 32-7-23(b)(4). Although the trial court determined that, by operation of Ala. Code 1975, §11-47-190, the Sparkses and the Copelands are legally entitled to recover a maximum of $100,000 per person or a total of $300,000 per occurrence, there is no information in the record before us to indicate "the sum of the limits of liability under all bodily injury liability bonds and insurance policies available to" them or whether that sum is less than what the Sparkses and the Copelands may be legally entitled to recover.See Ala. Code 1975, § 32-7-23. The parties make no reference in their responses to the show-cause order or in their appellate briefs to whether the City of Florence has or does not have insurance that would cover the accident. Thus, we do not know whether Alfa may be called upon for uninsured/underinsured-motorist coverage if the Sparkses and/or the Copelands are legally entitled to recover from the City of Florence.[5] Because it is not clear whether or how much insurance is available to the Sparkses and the Copelands, or, more significantly, whether the amount available will be less than the amount the Sparkses and the Copelands are legally entitled to recover, we cannot determine whether Alfa will be called upon for uninsured/underinsured-motorist coverage. Thus, we cannot conclude that the trial court's order, in effect, disposes of Alfa as a party.
Because the order does not dispose of Alfa, or any other party or claim, it is not appealable under Rule 54(b), Ala. R. Civ. P., which provides:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
Rule 54(b), Ala. R. Civ. P., confers appellate jurisdiction over an otherwise nonfmal order only where the trial court "has completely disposed of one of a number of claims, or one of multiple parties." Committee Comments on 1973 Adoption, Rule 54(b), Ala. R. Civ. P. It is "our time-honored rule that a final judgment is an essential precondition for appealing to this Court." John Crane-Houdaille, Inc. v. Lucas,534 So.2d 1070, 1073 (Ala. 1988).
The fact that the trial court purported to certify its order as final is not determinative. The "`trial court cannot confer appellate jurisdiction upon this court through directing entry of judgment under Rule 54(b) if the judgment is not otherwise "final."'" Tanner v. Alabama Power Co., 617 So.2d.656, 656-57 (Ala. 1993), quoting Robinson v. ComputerServicenters, Inc., 360 So.2d 299, 302 (Ala. 1978).See also Haynes v. Alfa Fin. Corp., *Page 513 730 So.2d 178, 181 (Ala. 1999). ("[F]or a Rule 54(b) certification of finality to be effective, it must fully adjudicate at least one claim or fully dispose of the claims as they relate to at least one party.").
Therefore, the trial court's purported Rule 54(b) certification was not effective to make its order a final judgment, and that order was not appealable as of right.[6]
For the foregoing reasons, we dismiss the appeal.
APPEAL DISMISSED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] Alabama Code 1975, § 11-47-190, provides:
 "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty .. . and whenever the city or town shall be made liable for damages by reason of the unauthorized or wrongful acts or negligence, carelessness or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured. However, no recovery may be had under any judgment or combination of judgments, whether direct or by way of indemnity under Section 11-47-24, or otherwise, arising out of a single occurrence, against a municipality, and/or any officer or officers, or employee or employees, or agents thereof, in excess of a total $100,000 per injured person up to a maximum of $300,000 per single occurrence, the limits set out in the provisions of Section 11-93-2 notwithstanding."
[2] Alabama Code 1975, § 11-93-2, provides:
 "The recovery of damages under any judgment against a governmental entity shall be limited to $100,000.00 for bodily injury or death for one person in any single occurrence. Recovery of damages under any judgment or judgments against a governmental entity shall be limited to $300,000.00 in the aggregate where more than two persons have claims or judgments on account of bodily injury or death arising out of any single occurrence. Recovery of damages under any judgment against a governmental entity shall be limited to $100,000.00 for damage or loss of property arising out of any single occurrence. No governmental entity shall settle or compromise any claim for bodily injury, death or property damage in excess of the amounts hereinabove set forth."
[3] In Carlton, this Court stated that the phrase "legally entitled to recover" in the statute requiring automobile insurers to provide uninsured-motorist coverage means that "`[i]n a direct action by the insured against the insurer, the insured has the burden of proving . . . that the other motorist was uninsured, legally liable for damage to the insured, and the amount of this liability.'" Carlton,867 So.2d at 334 (quoting State Farm Mut. Auto. Ins. Co. v.Griffin, 51 Ala.App. 426, 431, 286 So.2d 302, 306 (1973)). Accordingly, the Court in Carlton concluded that an employee, injured in a motor-vehicle accident while acting in the scope of his employment, who was barred by the exclusivity-of-remedy provision in the Workers' Compensation Act from recovering from a co-employee for the co-employee's negligence, was not entitled to uninsured-motorist benefits, because he was not "legally entitled to recover damages" from the co-employee. 867 So.2d at 338.
[4] In its summary-judgment motion, Alfa sought a judgment that "Alfa has no liability to the plaintiffs for any judgment rendered in the instant case against either the City of Florence or Officer Shane Blalock in excess of $100,000 perperson/$300,00 per occurrence." (Emphasis added.)
[5] With regard to Officer Blalock's coverage, the Sparkses and the Copelands argue in their brief to this Court that Officer Blalock is an "uninsured motorist" because he failed to notify his insurance company of the claims against him.
[6] In responding to the show-cause order, Alfa and the City of Florence have asked this Court, in the event that we determine that the trial court's order is not final, to remand the matter to the trial court to enter a certificate of appealability under Rule 5, Ala. R.App. P. Rule 5(a), Ala. R.App. P., provides:
 "A petition to appeal from an interlocutory order must contain a certification by the trial judge that, in the judge's opinion, the interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion, that an immediate appeal from the order would materially advance the ultimate termination of the litigation, and that the appeal would avoid protracted and expensive litigation. The trial judge must include in the certification a statement of the controlling question of law."
Whether to certify an order as appealable pursuant to Rule 5, Ala. R.App. P., is within the trial court's discretion. Exparte Showers, 812 So.2d 277, 282 (Ala. 2001), Exparte Burch, 730 So.2d 143, 145 (Ala. 1999), and Wilsonv. Wilson, 736 So.2d 633, 634 (Ala.Civ.App. 1999). Moreover, the trial court is in a better position than is this Court to judge whether the question before that court meets the requirements of Rule 5. Therefore, we decline to offer the trial court any suggestion that it should certify some question as appealable.