On March 8, 2004, Ronald Chaney sued his employer, Norment Security Group, seeking to recover workers' compensation benefits. Chaney's complaint alleged that he had been injured in a work-related accident on March 9, 2002. The parties agreed to bifurcate the proceedings and to hold a separate hearing on the issue whether Chaney had provided Norment Security with proper notice of his alleged accident. Following an ore tenus hearing on the matter of notice only, the trial court, on May 4, 2005, issued an order finding that Chaney had provided Norment Security with sufficient notice of his alleged accident pursuant to §§ 25-5-78, Ala. Code 1975. The trial court's order addressed only the notice issue and did not contain findings or conclusions on any other issue.
Norment Security appealed the trial court's order to this court. On appeal, *Page 425 
Norment Security argues that the trial court's order is a final judgment subject to appeal and that the trial court erred by finding that Chaney had provided sufficient notice to Norment Security of his alleged work-related accident. Because we find that there is no final judgment that would support an appeal, we dismiss the appeal.
This court has stated that "the test of a judgment's finality is whether it sufficiently ascertains and declares the rights of the parties." Ex parte DCH Reg'l Med.Ctr., 571 So.2d 1162, 1164 (Ala.Civ.App. 1990). `"It is well established that a final judgment is a "terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants."'"Williams Power, Inc. v. Johnson, 880 So.2d 459, 461
(Ala.Civ.App. 2003) (quoting Dees v. State,563 So.2d 1059, 1061 (Ala.Civ.App. 1990), quoting in turn Tidwell v.Tidwell, 496 So.2d 91, 92 (Ala.Civ.App. 1986)). A nonfinal order will not support an appeal. WilliamsPower, 880 So.2d at 461. The trial court's order resolved only the issue of whether Chaney gave sufficient notice to Norment Security of his alleged work-related accident. The order contained no provisions regarding any other aspect of the case, such as a determination of disability or the benefits that Chaney would be entitled to receive. In recent cases, this court has held that orders similar to the order in the present case are not final judgments that would support an appeal. See First South Utility Constr., Inc. v.Baker, 897 So.2d 374 (Ala.Civ.App. 2004); Homes ofLegend, Inc. v. O'Neal, 855 So.2d 536
(Ala.Civ.App. 2003); and USA Motor Express, Inc. v. Renner,853 So.2d 1019 (Ala.Civ.App. 2003). Because the trial court's order does not "sufficiently ascertain and declare[ ] the rights of the parties," Ex parte DCH Reg'l Med. Ctr., supra, it is not a final judgment and therefore will not support an appeal.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.