CVS Pharmacy, Inc. ("CVS"), appeals the trial court's determination that Francis Smith was permanently and totally disabled as a result of an injury Smith sustained during the course of her employment with CVS. We dismiss the appeal as arising from a nonfinal judgment. *Page 958 
On April 15, 2003, Smith sued CVS seeking workers' compensation benefits. CVS answered Smith's complaint and denied liability. Smith amended her complaint by adding several tort claims against GAB Robins North America, Inc. ("GAB"), and Barbara Prince, an employee of GAB. The amended complaint, which did not allege any tortious conduct on the part of CVS, included a demand for a jury trial. CVS answered the amended complaint by entering a general denial of Smith's claim. Likewise, GAB and Prince answered the amended complaint and denied liability. On November 26, 2004, the trial court entered an order by which it "severed [the workers' compensation claim against CVS] from [the tort claims against GAB and Prince] for the purpose of separate trials in this action."
The trial court conducted an ore tenus hearing on the workers' compensation claim on April 11, 2005; on June 13, 2005, CVS and Smith filed "trial stipulations." On June 15, 2005, the trial court entered an order as to the workers' compensation claim, determining that Smith was permanently and totally disabled. On July 29, 2005, CVS filed its notice of appeal with this court. The parties attempted to resolve their disputes through the appellate-mediation process; that effort was unsuccessful.
On March 22, 2006, this court reinvested the trial court with jurisdiction for 14 days to determine whether a Rule 54(b), Ala. R. Civ. P., certification would be appropriate in light of the trial court's severance of the workers' compensation claim and the tort claims "for the purpose of separate trials in this action."[1] On April 7, 2006, the trial court certified the order pertaining to Smith's workers' compensation claim as "final."
A detailed recitation of the facts of this case is not necessary for the disposition of this appeal. Suffice it to say that the trial court found that Smith suffered a compensable injury during the course of her employment with CVS and that that injury caused Smith to be totally and permanently disabled. As a result of that determination, the trial court awarded Smith "appropriate benefits," retroactive to August 29, 2002, the date on which the trial court found Smith to have reached maximum medical improvement. The trial court also ordered CVS to pay Smith's legal expenses associated with the prosecution of her workers' compensation action and to be responsible for any future medical expenses incurred by Smith as a result of her injury. The trial court's order did not state the amount of damages Smith was due to receive.
Although neither party has questioned this court's jurisdiction over this appeal, we must address that question because "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'"Williams Power, Inc. v. Johnson, 880 So.2d 459, 461
(Ala.Civ.App. 2003) (quoting Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987)).
 "`It is well established that a final judgment is a "terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants." *Page 959 Tidwell v. Tidwell, 496 So.2d 91, 92
(Ala.Civ.App. 1986). Further, the judgment must be conclusive and certain with all matters decided, including the assessment of damages with specificity for a sum certain determinable without resorting to extraneous facts.'
 "Dees v. State, 563 So.2d 1059, 1061
(Ala.Civ.App. 1990) (emphasis added)."
Williams Power, Inc. v. Johnson, 880 So.2d at 461.
This court has dismissed an appeal in a workers' compensation case in which the trial court failed to sufficiently ascertain and declare the rights of the parties, thereby causing the trial court's judgment to be nonfinal.See, e.g., Sign Plex v. Tholl, 863 So.2d 1113, 1115
(Ala.Civ.App. 2003) (dismissing an appeal in a workers' compensation action due to the trial court's resolving only the issue of compensability, rather than all of the issues involved in the action). Specifically, this court has dismissed an appeal in a workers' compensation action due to the trial court's failure to determine the amount of benefits due to an injured employee. International Paper Co. v. Dempsey,844 So.2d 1236, 1238 (Ala.Civ.App. 2002). See also WilliamsPower, Inc. v. Johnson, supra; Homes of Legend, Inc. v.O'Neal, 855 So.2d 536 (Ala.Civ.App. 2003); and USAMotor Express, Inc. v. Renner, 853 So.2d 1019
(Ala.Civ.App. 2003).
In this case, the trial court failed to determine a specific amount of damages due Smith. Thus, the issue of the amount of Smith's damages has not yet been adjudicated. As in the cases cited above, we are bound to dismiss the appeal because the trial court's order failed to "`"sufficiently] ascertain and declare the rights of the parties"' so as to constitute a final judgment that would support an appeal. [InternationalPaper Co. v. Dempsey,] 844 So.2d [1236,] 1237 [(Ala.Civ.App. 2002)] (quoting Ex parte DCH Reg'l Med.Ctr., 571 So.2d 1162, 1164 (Ala.Civ.App. 1990))." SignPlex v. Tholl, 863 So.2d at 1116.
Also, we note that § 25-5-88, Ala. Code 1975, provides that a final judgment in a workers' compensation case "shall contain a statement of the law and facts and conclusions as determined by [the trial] judge." Substantial compliance with the statute is sufficient. Carr v. Added Dimensions No. 72Brookwood, Inc., 772 So.2d 473, 475 (Ala.Civ.App. 2000) (citing Farris v. St. Vincent's Hosp., 624 So.2d 183
(Ala.Civ.App. 1993)). "To the extent some of the findings of the trial court may be meager or omissive, we note that a reversal is not required." Werner Co. v. Williams 871 So.2d 845,853 (Ala.Civ.App. 2003). Nonetheless, a trial court's failure to abide by the requirements of the statute mandates a reversal.Wade Sand Gravel, Inc. v. Lacey, 855 So.2d 569,571 (Ala.Civ.App. 2003) (citing Lee Apparel Co. v.Hart, 623 So.2d 329 (Ala.Civ.App. 1993)).
In this case, the trial court's failure to enter a final judgment precludes our consideration of the trial court's compliance with § 25-5-88. We note, however, that had the order presented for our review in this case been a final judgment, whether it complied with § 25-5-88 would have been, at best, questionable. The trial court's order contains some findings of fact that, if supported by applicable principles of law, could, perhaps, bring the judgment into substantial compliance with § 25-5-88. See Carr v. Added Dimensions No. 72 Brookwood,Inc., supra. Arguably, however, the trial court's order is devoid of any reference to applicable legal principles or any legal conclusions as to how the facts of this case relate to those principles. See Wade Sand Gravel, Inc. v.Lacey, supra (reversing a trial court's judgment that contained findings of fact but did not comply with § 25-5-88, because the judgment *Page 960 
contained no conclusions of law). The lack of legal conclusions in the order could, after the trial court enters a final judgment in this matter, call the trial court's compliance with § 25-5-88 into question. We address this matter simply to put the trial court on notice that when it ultimately enters a final judgment in this case, that judgment must satisfy the requirements of § 25-5-88. See Sign Plex v. Tholl,863 So.2d at 1117.
APPEAL DISMISSED.
CRAWLEY, P.J., and PITTMAN and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] See Bryant v. Flagstar Enterprises, Inc.,717 So.2d 400, 402 (Ala.Civ.App. 1998) (noting the distinction between a trial court's severance of separate claims from a single action pursuant to Rule 21, Ala. R. Civ. P., which results in separate actions, and a trial court's severance of separate claims in a single action for the purpose of separate trials in theaction pursuant to Rule 42, Ala. R. Civ. P., which results in a single action and from which an appeal may lie only after the adjudication of all of the claims).