984 So.2d 1207 (2007)
SCI ALABAMA FUNERAL SERVICES, INC., and Leak Memory Chapel
v.
Charles Frank HESTER.
2060260.
Court of Civil Appeals of Alabama.
November 30, 2007.
*1208 Patricia K. Rea of Fann & Rea, P.C., Birmingham, for appellants.
William K. Abell of Shinbaum, Abell, McLeod & Campbell, P.C., Montgomery, for appellee.
PER CURIAM.
On February 6, 2006, Charles Frank Hester sued SCI Alabama Funeral Services, Inc., and Leak Memory Chapel (hereinafter collectively referred to as "SCI"), seeking workers' compensation benefits for an injury to his left knee that he alleged had occurred on March 1, 2005, while he was working in the line and scope of his employment. SCI answered and denied liability.
The trial court conducted an ore tenus hearing. On September 20, 2006, the trial court entered an order finding, among other things, that the "sole issue" before the court was whether Hester had timely and properly notified SCI of his injury. The trial court concluded that Hester had in fact done so and, therefore, that Hester's injury was compensable under the Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975. The trial court further found that Hester was "entitled to any medical and compensation benefits due at this time." On September 27, 2006, SCI filed a motion, purportedly pursuant to Rule 59(e), Ala. R. Civ. P., in which it asked the trial court to reconsider its September 20, 2006, judgment and to certify the judgment as final pursuant to Rule 54(b), Ala. R. Civ. P., for purposes of appeal.[1] On October 16, 2006, the trial court entered an order purporting to deny that motion.
On November 8, 2006, the trial court, apparently acting ex mero motu, certified the September 20, 2006, order as final pursuant to Rule 54(b). In that order, the trial court stated:
"It is this Court's opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order would materially advance the ultimate termination of this litigation and avoid protracted and expensive litigation."
On December 19, 2006, SCI appealed.
Although neither party has questioned this court's jurisdiction over this appeal, we must address the question because "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Williams Power, Inc. v. Johnson, 880 So.2d 459, 461 (Ala.Civ.App.2003)(quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987)). An appeal ordinarily lies only from a final judgment. § 12-22-2, Ala.Code 1975; and Bean v. Craig, 557 So.2d 1249 (Ala.1990). A final judgment is one that "conclusively determines the issues before the court and ascertains and declares the rights of the parties involved." Bean v. Craig, 557 So.2d at 1253. Stated another way, a "final judgment is a `terminal decision which demonstrates there has been a complete adjudication of all matters in controversy *1209 between the litigants.'" Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990)(quoting Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986)).
In Williams Power, Inc. v. Johnson, supra, this court addressed the issue of finality in the context of a workers' compensation case in which the trial court had failed to determine the amount of workers' compensation benefits due to an injured employee. In Johnson, the trial court entered an order in which it found that the employee had sustained a compensable injury and awarded benefits accordingly. The trial court further ordered "`that the [employer] shall reimburse the [employee] for any and all medical expenses already paid by him,'" but it failed to specify the amount of those medical expenses. 880 So.2d at 460. Quoting Dees v. State, 563 So.2d at 1061, this court recognized that a final "`judgment must be conclusive and certain with all matters decided, including the assessment of damages with specificity for a sum certain determinable without resorting to extraneous facts.'" Johnson, 880 So.2d at 461 (emphasis added in Johnson). This court held that the appeal had been taken from a nonfinal judgment because the trial court had failed to specify the amount of damages pertaining to past medical expenses; therefore, this court dismissed the appeal. Id.
Similarly, in International Paper Co. v. Dempsey, 844 So.2d 1236 (Ala.Civ.App. 2002), the employer appealed an order finding that the employee was entitled to medical benefits under the Workers' Compensation Act that had accrued until the date of that order; in that order, the trial court reserved ruling on the extent of the employee's permanent disability, if any. The trial court entered an order in which it found that the employee's claim was both timely and compensable. However, the trial court's order failed to establish the nature of the compensation benefits, the amount of compensation benefits due, or the amount of benefits that had accrued until the date of the trial court's order. On appeal, this court determined that because the trial court's order did not determine the amount or type of benefits to which the employee might be entitled, the order was not sufficiently final so as to support an appeal. International Paper Co. v. Dempsey, 844 So.2d at 1238. In dismissing the appeal based on the trial court's failure to determine the amount of benefits due the employee, this court reiterated the general rule that a judgment will not support an appeal unless the judgment "sufficiently ascertain[s] and set[s] forth the rights and obligations of the parties." International Paper Co. v. Dempsey, 844 So.2d at 1238.
In USA Motor Express, Inc. v. Renner, 853 So.2d 1019 (Ala.Civ.App.2003), the trial court conducted a bifurcated hearing, the first part of which was solely to determine compensability. The employer appealed an order of the trial court finding the employee's injury to be compensable and requiring the company to "`provide medical treatment for the [employee].'" 853 So.2d at 1020. The trial court's order required the employer to notify the trial court of the results of medical treatment within 90 days. The trial court did not award temporary-total-disability benefits to the employee. On appeal, this court, relying on its holding in International Paper Company v. Dempsey, supra, held that the trial court's order was an interlocutory order that would not support an appeal. In so holding, this court noted that the order entered by the trial court did "nothing but determine the compensability of the worker's injury." USA Motor Express, Inc. v. Renner, 853 So.2d at 1021.
In CVS Pharmacy, Inc. v. Smith, 944 So.2d 957 (Ala.Civ.App.2006), the trial *1210 court entered an order, which it later certified as final pursuant to Rule 54(b), finding the employee completely and permanently disabled as the result of an on-the-job injury. Among other things, the trial court awarded the employee "`appropriate benefits,' retroactive to . . . the date on which the trial court found [the employee] to have reached maximum medical improvement." 944 So.2d at 958. However, in its order, the trial court did not state the amount of benefits the employee was due to receive. The employer appealed. On appeal, this court, noting the trial court's failure to determine a specific amount of benefits due the employee, held that it was bound to dismiss the appeal because the order of the trial court failed to "`"`sufficiently ascertain[ ] and declare[] the rights of the parties'" so as to constitute a final judgment. . . .'" CVS Pharmacy, Inc. v. Smith, 944 So.2d at 959 (quoting Sign Plex v. Tholl, 863 So.2d 1113, 1116 (Ala.Civ.App.2003), quoting in turn other cases).
In the instant case, the trial court's order found Hester's injury to be compensable, but it did not determine the amount or type of benefits due as a result of the injury. Like the orders entered in Johnson, Dempsey, Renner, and Smith, the order in this case failed to sufficiently ascertain and declare the rights of the parties so as to constitute a final judgment. However, in this case, like in Smith, in an effort to make its judgment final, the trial court attempted to certify its order as final pursuant to Rule 54(b).
Rule 54(b) provides, in pertinent part:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
"`Rule 54(b), [Ala.] R. Civ. P., provides a means of making final "an order which does not adjudicate the entire case but as to which there is no just reason for delay in the attachment of finality." Foster v. Greer & Sons, Inc., 446 So.2d 605, 609 (Ala.1984).'" Summerlin v. Summerlin, 962 So.2d 170, 173 (Ala.2007)(quoting Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987)). However, "[n]ot every order has the requisite element of finality that can trigger the operation of Rule 54(b)." Goldome Credit Corp. v. Player, 869 So.2d 1146, 1148 (Ala. Civ.App.2003).
In Sparks v. City of Florence, 936 So.2d 508 (Ala.2006), our supreme court stated:
"Rule 54(b), Ala. R. Civ. P., confers appellate jurisdiction over an otherwise nonfinal order only where the trial court `has completely disposed of one of a number of claims, or one of multiple parties.' Committee Comments on 1973 Adoption, Rule 54(b), Ala. R. Civ. P. It is `our time-honored rule that a final judgment is an essential precondition for appealing to this Court.' John Crane-Houdaille, Inc. v. Lucas, 534 So.2d 1070, 1073 (Ala.1988).
"The fact that the trial court purported to certify its order as final is not determinative. The `"trial court cannot confer appellate jurisdiction upon this court through directing entry of judgment under Rule 54(b) if the judgment is not otherwise `final.'"' Tanner v. Alabama Power Co., 617 So.2d 656, 656-57 (Ala.1993), quoting Robinson v. Computer Servicenters, Inc., 360 So.2d 299, 302 (Ala.1978). See also Haynes v. Alfa Fin. Corp., 730 So.2d 178, 181 (Ala. 1999)('[F]or a Rule 54(b) certification of *1211 finality to be effective, it must fully adjudicate at least one claim or fully dispose of the claims as they relate to at least one party.')."
Sparks v. City of Florence, 936 So.2d at 512-13.
Assuming, without deciding, that the language used by the trial court in this case was sufficient to certify the judgment as final pursuant to Rule 54(b), we conclude that a Rule 54(b) certification was not appropriate under the facts of this case. As discussed above, the order of the trial court was not final because it did not determine a specific amount of damages due Hester. "A claim is not eligible for Rule 54(b) certification unless it has been completely resolved by the judgment. [In] that regard, it must be remembered that `[d]amages are [an element] of a claim to vindicate a legal right.' Grantham v. Vanderzyl, 802 So.2d 1077, 1080 (Ala.2001)." Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 361 (Ala.2004).
In this case, as in CVS Pharmacy, Inc. v. Smith, supra, the trial court's order finding the employee's injury to be compensable was certified as final pursuant to Rule 54(b). In determining that the order in CVS Pharmacy, Inc. v. Smith was nonfinal and dismissing the appeal, this court did not expressly state that the trial court's attempted Rule 54(b) certification was ineffective. However, that conclusion is certainly appropriate given the determination that the order was a nonfinal order based on the trial court's failure to determine the amount of compensation due the employee. Similarly, in this case, we must conclude that, in spite of the attempted Rule 54(b) certification, the trial court's failure to determine benefits due after it had determined Hester's injury to be compensable rendered the order insufficiently final to support an appeal. Therefore, the appeal is due to be dismissed.
Further, we note that § 25-5-88, Ala. Code 1975, provides that a final judgment in a workers' compensation case "shall contain a statement of the law and facts and conclusions as determined by [the trial] judge." See also Johnson v. Harbison-Walker Refractories Co., 847 So.2d 377 (Ala.Civ.App.2002)(holding that a trial court's judgment must comply with the statutory requirement that the judgment contain written findings of fact and conclusions of law). The trial court's order in this case contains some findings of fact directed to the issue of notice; the order does not contain findings of fact related to the issue of compensability. Also, the trial court's order is devoid of any reference to applicable legal principles and how those principles apply to the conclusions reached by the trial court. Although the trial court's failure to enter a final judgment precludes our consideration of the trial court's compliance with § 25-5-88, we address this matter simply to put the trial court on notice that when it ultimately enters a final judgment in this case, that judgment must satisfy the requirements of § 25-5-88. See CVS Pharmacy, Inc. v. Smith, supra.
APPEAL DISMISSED.
THOMPSON, P.J., concurs.
PITTMAN and BRYAN, JJ., concur in the result, without writing.
MOORE, J., concurs in the result, with writing, which THOMAS, J., joins.
MOORE, Judge, concurring in the result.
I concur that the judgment of the trial court is nonfinal, but for reasons different than those set out in the main opinion.
Pursuant to § 25-5-81(a)(1), Ala.Code 1975,

*1212 "[i]n case of a dispute between employer and employee . . . with respect to the right to compensation under this article . . ., or the amount thereof, either party may submit the controversy to the circuit court of the county which would have jurisdiction of a civil action in tort between the parties. The controversy shall be heard and determined by the judge who would hear and determine a civil action between the same parties arising out of tort, and . . . [t]he court may hear and determine the controversies in a summary manner. The decision of the judge hearing the same shall be conclusive and binding between the parties, subject to the right of appeal provided for in this article."
That statute recognizes that the parties may have a dispute about "the right to compensation," "the amount thereof," or both. By using the term "controversies," the legislature also recognized that the parties may disagree as to the components of compensability and/or one or more of the various amounts due the employee. That statute provides that the parties may submit the controversy or controversies to the appropriate circuit-court judge for resolution in a summary manner. By the plain terms of the statute, the judge's decision thereon becomes "conclusive and binding," i.e., final, and "subject to the right of appeal," i.e., appealable.
In enacting the workers' compensation laws, the legislature created a wholly new and different remedy unlike the right to civil damages existing under the common law. See Ex parte Publix Super Markets, Inc., 963 So.2d 654, 658 (Ala.Civ.App.2007). The legislature also created procedures unique to workers' compensation law to enforce that remedy. See Birmingham Belt R.R. v. Ellenburg, 215 Ala. 395, 396, 111 So. 219, 220 (1926) ("Without further analysis of the matter, we think compensation proceedings are quite as distinct in purpose and procedure from the ordinary action of law as is a suit at law from a suit in equity."). The rules of procedure applicable to ordinary civil actions do not apply to the extent that they conflict with the procedure set out in the Workers' Compensation Act. See Rule 81(a)(31), Ala. R. Civ. P.; Pittman Constr. Co. v. Boles, 233 Ala. 187, 188, 171 So. 268, 268 (1936) ("It must be noted that the procedure under this act is governed by its terms and requirements and not by the ordinary method of procedure.").
In ordinary civil cases, the courts abhor piecemeal litigation and appeals. See Wesley v. Brandon, 419 So.2d 257, 259 (Ala. Civ.App.1982). However, the purpose and unique nature of workers' compensation cases warrant deviation from the ordinary civil practice. Workers' compensation law is designed to bestow monetary and medical benefits on injured employees at the moment they are most needed  when the employee is unable to earn income and is in need of medical care. See Ex parte Puritan Baking Co., 208 Ala. 373, 375, 94 So. 347, 349 (1922). Workers' compensation law is further intended to provide a certain remedy. See Reed v. Brunson, 527 So.2d 102, 115 (Ala.1988). To serve both the purposes of expediency and certainty, controversies as to an employee's right to benefits and the amounts thereof should be decided as they arise, and any determination of those controversies should be subject to immediate appellate review, even if the result is piecemeal litigation and appeals.
In Ex parte DCH Regional Medical Center, 571 So.2d 1162 (Ala.Civ.App.1990), the trial court entered an order finding that the employee had sustained a compensable injury that rendered him temporarily and totally disabled. The trial court ordered the employer to pay the employee *1213 temporary-total-disability benefits until the employee reached maximum medical improvement and reserved jurisdiction to enforce the payment of the temporary-total-disability benefits and to consider the issue of permanent-disability benefits. The employer filed a petition for the writ of mandamus seeking review of the order, which the trial court and the parties characterized as an "interlocutory decree." The employer argued that it could not appeal the judgment because it was nonfinal in that the trial court had not estimated the duration of the temporary total disability and had not awarded the employee any permanent-disability benefits. 571 So.2d at 1163. This court held that the judgment was final and appealable because it sufficiently ascertained and declared the rights of the parties. 571 So.2d at 1164. The finality of the judgment was not affected by the retention of jurisdiction to enforce the payment of temporary-total-disability benefits because the Workers' Compensation Act specifically grants the trial court the authority to hold "subsequent proceedings" "`for the recovery of moneys thereby determined to be due.'" 571 So.2d at 1164 (quoting Ala.Code 1975, § 25-5-88). This court further clarified that the trial court's purported reservation of jurisdiction to consider the issue of permanent disability was "mere surplusage," because the Workers' Compensation Act gave the employee the right to file another action in the event a controversy arose as to his right to permanent-disability benefits. 571 So.2d at 1165.
As recognized by this court in Ex parte DCH Regional Medical Center, a judgment in a workers' compensation case is final if it decides the controversies presented to the circuit court for resolution, even though it may not fully resolve all the issues relating to the workers' compensation claim. See also B E & K, Inc. v. Weaver, 743 So.2d 476, 480 (Ala.Civ.App. 1999) (order finding injury compensable and awarding employee temporary-total-disability benefits, but making no finding as to permanent disability, was final order that would sustain appeal); and Mike Makemson Logging v. Colburn, 600 So.2d 1049, 1050 (Ala.Civ.App. 1992) (accord). Admittedly, this court has issued numerous opinions since Ex parte DCH Regional Medical Center that have declared judgments nonfinal for failing to completely resolve the employee's workers' compensation claim. See, e.g., Norment Sec. Group v. Chaney, 938 So.2d 424, 425 (Ala.Civ. App.2006) (judgment finding that employee sufficiently notified employer of injury held to be nonfinal for failing to ascertain and declare other aspects of claim); International Paper Co. v. Bracknell, 854 So.2d 116, 118 (Ala.Civ.App.2003) (dismissing appeal from order that decided liability and temporary-disability-benefits issues but failed to address permanent-disability claim); USA Motor Express, Inc. v. Renner, 853 So.2d 1019, 1021 (Ala.Civ.App. 2003) (holding that order finding that injury arose out of and in the course of the employment and awarding medical benefits was interlocutory order that would not support appeal); and International Paper Co. v. Dempsey, 844 So.2d 1236, 1238 (Ala. Civ.App.2002) (dismissing appeal from judgment finding liability but reserving jurisdiction over any controversy regarding amount of benefits due). However, in my opinion, those decisions cannot be reconciled with Ex parte DCH Regional Medical Center, the language in § 25-5-81, or the policy of the workers' compensation law to expedite the resolution of controversies. Therefore, I would overrule them.
In this case, the employee filed a complaint claiming he was entitled to compensation and medical benefits on account of a left-knee injury that allegedly arose out of and in the course of his employment on *1214 March 1, 2005. Among other things, the employee averred that he had provided timely and actual notice of the injury; that because of his injury he had been and would be temporarily totally disabled and permanently totally disabled; that he had been caused to obtain medical treatment; and that the employer had failed to pay all disability benefits and medical benefits due him. SCI Alabama Funeral Services, Inc., and Leak Memory Chapel (hereinafter collectively referred to as "SCI") filed an answer, basically denying those allegations and asserting that they had not paid the employee any benefits because of a good-faith dispute as to the compensability of the employee's left-knee injury.
At the same time he filed his complaint, the employee filed a motion requesting that the court order SCI to "reinstate" payment of workers' compensation benefits due and medical bills necessitated by the left-knee injury. Along with its answer, SCI filed an objection to the employee's motion, arguing that the "critical" issues of compensability, including "lack of notice of the alleged injury [and] the lack of a causal relationship between the alleged injury and [the employee's] employment with the Defendants," could only be resolved by a trial on the merits.
The trial court ultimately set a hearing on the motion to take place approximately four months after the filing of the answer. At the outset of that hearing, the court inquired as to the nature of the controversies between the parties. The court and the employee's counsel indicated that the overarching issue was whether the employee was entitled to medical treatment. Counsel for SCI indicated that SCI did not agree to provide medical treatment to the employee on the grounds of "notice and causation." The court stated its understanding by saying: "So you're saying he was not hurt on the job or if he was hurt on the job, he didn't give notice to his supervisor immediately." SCI's attorney agreed, but added that SCI also maintained that the employee's condition was not medically caused by his employment. At that point, the employee's counsel indicated that he was "ready to take testimony" as to those issues.
The trial court subsequently presided at a hearing at which the parties made opening statements; the trial court heard the testimony of witnesses, including the employee and two of SCI's representatives; the trial court accepted into evidence nine exhibits; and the parties made closing arguments. Four months later, the trial court entered findings of fact and conclusions of law indicating that notice was the only issue at trial and finding in favor of the employee on that issue. Accordingly, the trial court ordered SCI to pay the employee "any medical and compensation benefits due at this time." After the trial court denied SCI's postjudgment motion, it amended its findings of fact to add language purporting to make its determination final and appealable. This appeal followed.
The main opinion asserts that the judgment is nonfinal because the trial court did not specify the amount of compensation and medical benefits due the employee. 984 So.2d at 1209. However, those issues were not before the trial court. The parties submitted two controversies to the trial court for consideration: (1) whether lack of timely and proper notice precluded the employee's claim for medical benefits, and (2) whether lack of medical causation precluded the employee's claim for medical benefits. The parties did not ask the court to resolve any issue as to the separate controversies of the amount of compensation and medical benefits due. Moreover, the parties did not attempt to introduce any evidence relating to the benefits due, *1215 such as the amount of the employee's average weekly earnings, the duration of his lost time from work, the extent of his permanent disability and its effect on his earning capacity, or the amount of the medical bills. The parties and the trial court clearly understood that if any dispute existed as to those issues, they would be decided separately.
Furthermore, the line of cases requiring trial courts to specify the amount of compensation or medical benefits due arises from Williams Power, Inc. v. Johnson, 880 So.2d 459, 461 (Ala.Civ.App.2003), which noted the holding in Moody v. State ex rel. Payne, 351 So.2d 547, 551 (Ala.1977), that "`[w]here the amount of damages is an issue . . . the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.'" (Emphasis added.) Although it is true that the trial court ordered payment of the medical and compensation benefits due, it is equally true that the amount of those benefits was not presently in controversy, at least as set out by the parties. Hence, the failure of the trial court to ascertain the amount of the benefits due the employee does not affect the finality of its judgment.
However, the trial court utterly failed to make a determination as to the medical-causation issue. Under § 25-5-88, Ala. Code 1975, the trial court is required to "decide the controversy" submitted to it by the parties. That "determination shall be filed in writing with the clerk of [the] court . . . and [the] judgment . . . shall contain a statement of the law and facts and conclusions as determined by said judge." Id. The findings of fact should include a conclusive finding of every fact responsive to the issues presented to and litigated in the trial court, and there should be a finding of every fact necessary to sustain the judgment of the trial court. See Addison Fabricators, Inc. v. Davis, 892 So.2d 440, 443 (Ala.Civ.App.2004) (quoting United Tel. & Tel. Co. v. Culiver, 271 Ala. 568, 570, 126 So.2d 119, 120-21 (1961)). Ordinarily, if the written judgment does not expressly make a finding of fact on a particular issue, this court will consider that finding implied if necessary to support the trial court's judgment. See Hightower v. Brammall, Inc., 435 So.2d 1295, 1297 (Ala. Civ.App.1982). However, in this case, the trial court expressly stated in its findings of fact that the only issue it considered was the notice issue. Accordingly, we cannot assume that the trial court considered the medical-causation issue and impliedly found medical causation. Because the trial court did not address one of the two litigated issues in this case, its judgment is nonfinal under § 25-5-88, which requires the trial court to make a "complete adjudication of all matters in controversy between the litigants." Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986).
I also agree that the amendment to the judgment does not make the judgment final but, again, I do so for different reasons. I believe a judgment disposing of less than all of a workers' compensation claim becomes final when the trial court follows the procedure set out in the Workers' Compensation Act regardless of whether there has been a Rule 54(b), Ala. R. Civ. P., determination. However, a trial court that fails to follow the procedure set out in the Workers' Compensation Act may not make a judgment final by employing Rule 54(b). In this case, the trial court did not even properly certify the judgment as final pursuant to Rule 54(b). But even if the trial court had used the appropriate Rule 54(b) language, its order remains nonfinal because the trial court did not follow the procedure set out in the Workers' Compensation Act and resolve all the *1216 controversies before it in its written judgment.
THOMAS, J., concurs.
NOTES
[1] A valid postjudgment motion may only be taken in reference to a final judgment. Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala. Civ.App.1999).