THOMAS, Judge,
dissenting.
I respectfully dissent from the dismissal of SouthernCare’s appeal. SouthernCare argues in its statement of jurisdiction that the “interim judgment” is a final judgment for purposes of appeal because Ala.Code 1975, § 25-5-81(e), provides that an aggrieved party may appeal to this court from “an order or judgment” entered by the circuit court in a workers’ compensation action. This language, argues South- *634 ernCare, is clear and unambiguous, and, it argues, § 25-5-81(e) does not require that the judgment be “final” as does Ala.Code 1975, § 12-22-2.
This argument is akin to the analysis advanced by Judge Moore in his writing concurring in the result in SCI Alabama Funeral Services, Inc. v. Hester, 984 So.2d 1207, 1211 (Ala.Civ.App.2007) (Moore, J., concurring in the result), in which I concurred. In his special writing, Judge Moore pointed out that § 25-5-81(a)(l), in his opinion, permitted “piecemeal” litigation and appeals.
“That statute recognizes that the parties may have a dispute about ‘the right to compensation,’ ‘the amount thereof,’ or both. By using the term ‘controversies,’ the legislature also recognized that the parties may disagree as to the components of compensability and/or one or more of the various amounts due the employee. That statute provides that the parties may submit the controversy or controversies to the appropriate circuit-court judge for resolution in a summary manner. By the plain terms of the statute, the judge’s decision thereon becomes ‘conclusive and binding,’ i.e., final, and ‘subject to the right of appeal,’ i.e., appealable.
“In enacting the workers’ compensation laws, the legislature created a wholly new and different remedy unlike the right to civil damages existing under the common law. See Ex parte Publix Super Markets, Inc., 963 So.2d 654, 658 (Ala.Civ.App.2007). The legislature also created procedures unique to workers’ compensation law to enforce that remedy. See Birmingham Belt R.R. v. Ellenburg, 215 Ala. 395, 396, 111 So. 219, 220 (1926) (‘Without further analysis of the matter, we think compensation proceedings are quite as distinct in purpose and procedure from the ordinary action of law as is a suit at law from a suit in equity.’). The rules of procedure applicable to ordinary civil actions do not apply to the extent that they conflict with the procedure set out in the Workers’ Compensation Act. See Rule 81(a)(31), Ala. R. Civ. P.; Pittman Constr. Co. v. Boles, 233 Ala. 187, 188, 171 So. 268, 268 (1936) (‘It must be noted that the procedure under this act is governed by its terms and requirements and not by the ordinary method of procedure.’).
“In ordinary civil cases, the courts abhor piecemeal litigation and appeals. See Wesley v. Brandon, 419 So.2d 257, 259 (Ala.Civ.App.1982). However, the purpose and unique nature of workers’ compensation cases warrant deviation from the ordinary civil practice. Workers’ compensation law is designed to bestow monetary and medical benefits on injured employees at the moment they are most needed — when the employee is unable to earn income and is in need of medical care. See Ex parte Puritan Baking Co., 208 Ala. 373, 375, 94 So. 347, 349 (1922). Workers’ compensation law is further intended to provide a certain remedy. See Reed v. Brunson, 527 So.2d 102, 115 (1988). To serve both the purposes of expediency and certainty, controversies as to an employee’s right to benefits and the amounts thereof should be decided as they arise, and any determination of those controversies should be subject to immediate appellate review, even if the result is piecemeal litigation and appeals.”
Hester, 984 So.2d at 1212.
Because I joined Judge Moore’s opinion concurring in the result in Hester, I would take this opportunity to overrule those cases requiring that all aspects of an employee’s compensation claim be determined *635 by a judgment before that judgment can be considered final. I am convinced that the Workers’ Compensation Act intended to provide for judicial determinations regarding less than all the claims an employee may advance against his or her employer relating to workers’ compensation and that immediate appeal of orders resolving those issues separately is provided for under § 25 — 5—81(a)(1) and (e).
MOORE, J., concurs.